[Civ. No. 17933. Second Dist., Div. One. Jan. 2, 1951.]

CARL L. HAWTHORN, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, Respondent.

Charles A. Son for Petitioner.

Edmund J. Thomas, Jr., and Leland B. Groezinger for Respondent.

Donald Gallagher and Royle A. Carter for State Compensation Insurance Fund.

Richard C. Waltz, City Attorney, and Richard L. Sieg, Jr., Assistant City Attorney, for City of Beverly Hills.

Henry McClernan, City Attorney (Glendale), Joseph R. Roark, Deputy City Attorney, and Royal M. Sorensen, City Attorney (Santa Monica), as Amici Curiae on behalf of Respondent.

DRAPEAU, J.—This is a proceeding to review an award of the Industrial Accident Commission.

On February 15, 1950, petitioner filed application for adjustment of a claim with the respondent commission. From December 1, 1928, he had been in the employ of the city of Beverly Hills as a fireman. On December 21, 1949, petitioner was injured in line of duty. At that time he was a member of the State Employees' Retirement System.

As insurance carrier for the city of Beverly Hills, the State Compensation Insurance Fund provided medical treatment and temporary disability indemnity from January 8 through January 31, 1950, at $30 per week. This money petitioner turned over to his employer. Employer paid him his full salary from December 29, 1949, through January 31, 1950, on account of accumulated vacation and overtime. Petitioner's services were terminated on the latter date by his employer, by reason of his having reached retirement age.

After hearing before a referee, on April 18, 1950, respondent made findings as follows:

"3. Said injury caused temporary total disability beginning December 29, 1949 to and including March 23, 1950 and thereafter, to a date to be determined subsequently by this Commission on petition of any party in interest.

"4. Applicant is entitled to a leave of absence without loss of salary, in lieu of disability payments, during the time he is disabled by said injury, for a period not exceeding one year from date of injury.

"5. Applicant is in need of and entitled to, at the expense of the defendants herein, further medical treatment reasonably required to cure and relieve from the effects of said injury.

"6. There is no compensation now due on which a lien may be allowed for applicant's attorney."

The commission's award reads as follows:

"It Is ORDERED that the defendant carrier herein furnish to the applicant further medical treatment reasonably necessary to cure and relieve from the effects of said injury."

Petitioner's sole complaint is the failure of the commission to include in its award the benefits recited in finding numbered 4. It is urged that such benefits are Workmen's Compensation benefits, and that exclusive jurisdiction to award them is in the commission.

Division 4 of the Labor Code (§§ 3201 through 6002) is denominated "Workmen's Compensation and Insurance." Article 7 thereof (§§ 4850 through 4855) has reference specifi-

cally to the disabilities of city policemen and firemen, who are members of the State Employees' Retirement System.

Finding numbered 4, above quoted, was made pursuant to section 4850 of said code which provides that when a fireman in the special class covered by article 7 is disabled by injury or illness arising in line of duty, he becomes entitled to "leave of absence while so disabled without loss of salary, in lieu of disability payments under this chapter, for the period of not exceeding one year. . . . This section refers to temporary disability only."

Upon request of any city or of the State Employees' Retirement System, the Industrial Accident Commission shall determine whether the disability referred to in section 4850, *supra,* arose out of and in the course of duty (Lab. Code, § 4851); and no disability indemnity shall be paid to such city fireman concurrently with wages or salary payments (Lab. Code, § 4854).

Diametrically opposed to petitioner's contention that the leave of absence without loss of salary in lieu of disability payments provided for in section 4850, *supra,* is a compensation benefit and within the commission's jurisdiction to award is the case of *Kutz* v. *Industrial Acc. Com.,* 13 Cal. Compensation Cases 255. That is the only case cited to this court which directly construes section 4850, *supra.* Petitioner Kutz, a fireman employed by the city of Glendale and a member of the State Employees Retirement System, suffered an industrial injury. Medical and indemnity benefits of $30 per week were provided by the city. Kutz sought an award from the Industrial Accident Commission for full salary during the period of his temporary total disability. Said commission, among other things, on May 4, 1948, found as follows:

"3. Said injury caused temporary total disability beginning November 29, 1946 to and including January 14, 1947.

"4. Said injury did not result in permanent disability.

"5. The applicant contends that he is entitled to receive full salary from the defendant employer during said period of disability, as provided in Section 4850 of the Labor Code. The authority of this Commission is limited to a determination of the questions whether or not disability referred to in said Section arose out of and in the course of duty, and, in a disputed case, when such disability exists. This Commission is without jurisdiction to award applicant full salary under Section 4850 of the Labor Code."

Accordingly, the commission ordered that applicant take nothing by reason of his asserted claim.

A petition for writ of review in that case was denied by this court on November 15, 1948. (Case No. 16,691.) A petition for hearing in the Supreme Court was denied on January 13, 1949.

Petitioner here urges that the commission fell into error in the Kutz case by misconstruing the opinion in *Department of Motor Vehicles* v. *Industrial Acc. Com.*, 78 Cal.App.2d 626 [178 P.2d 43].

In that case the court was considering section 4800, Labor Code, which affects members of the California Highway Patrol, and is very similar to section 4850, *supra,* covering city firemen.

In the cited case the employee Cope sustained an injury resulting in total permanent disability. Thereafter, he took a leave of absence with full pay for 52 weeks. An award of $6,000 on account of *permanent* disability was made, payable at the rate of $25 per week commencing one week after the injury.

In a proceeding to review the award, it was contended by the employer that the full salary received in lieu of disability payments under section 4800, was a *temporary* disability allowance and a compensation benefit within the meaning of section 3207, Labor Code (as claimed herein); hence credit should have been allowed the employer against the permanent disability award for all salary theretofore paid.

In rejecting this argument, the court stated at page 629:

"It is further argued by the petitioner that the salary paid to a patrolman while he is on leave of absence on account of injury is in itself a temporary disability allowance, and being such, no permanent disability may be paid concurrently therewith under the provisions of section 4661 of the Labor Code. This contention is based on an interpretation of section 3207 defining compensation. It is urged that the salary paid to a patrolman while on leave is compensation as the term is defined in section 3207, that is, a disability allowance, or compensation for his injury, as distinguished from salary. Such an interpretation, however, produces an immediate conflict with the express provisions of section 4800 that the salary is in lieu of disability payments. If the Legislature had intended the salary to be paid as a disability allowance, it undoubtedly would have said so. What it did say is exactly to the contrary. . . .

"Viewing the several sections of the Labor Code under consideration in the light of the established rules of construction, it is manifest that it was intended by the Legislature to provide an injured patrolman with his full pay for a year in the place of any temporary disability allowance, but in no way to limit his right in accordance with the general rule to receive an award of permanent disability indemnity concurrently with his salary."

From the foregoing it is plain that the leave of absence without loss of salary accorded a city fireman while disabled imports an administrative act by the city-employer; that it is not a workmen's compensation benefit but is given in lieu of temporary disability payments. (Sec. 4850, *supra*.)

From this it follows that the respondent commission has no jurisdiction to compel a city to grant such leave of absence.

Under the sections comprising Article 7, above mentioned, respondent's only responsibility is to determine upon request whether the disability claimed arose out of and in the course of the employment. (§ 4851, *supra*.)

For the reasons stated, the award is affirmed.

White, P. J., and Doran, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied March 1, 1951. Carter, J., voted for a hearing.