PEARSON, Judge.
The petitioner, a police officer, sustained injuries arising out of and in the course of his employment with the City of Miami when he was shot with a .38 calibre revolver. Other injuries were involved, which were received in a prior accident, and by stipulation both claims were adjudicated at one hearing. There was a finding of permanent partial disability which is not contested. The petitioner is still gainfully employed with the City of Miami.
The only issue raised in this case is whether the City of Miami is entitled to reimbursement of $1,071.68 which constitutes, according to respondent’s argument, overpayment to the claimant during the period of his temporary total disability. The deputy commissioner found that claimant had sustained certain permanent disabilities, as heretofore mentioned, and that the City of Miami was entitled to a credit against an award of compensation for permanent disability in the amount above set out. This finding was affirmed by the full commission.
The events which brought about the alleged overpayment are succinctly set out in the compensation order of the full commission :
“ * * * claimant was temporarily totally disabled through August 29, 1955. During the periods that claimant was temporarily totally disabled as a result of both injuries, he received his *614 regular salary in lieu of compensation in accordance with the City of Miami’s Resolution No. 26006. This Resolution, in effect, provides that any City employee who is temporarily disabled as a result of an injury received in the performance of his duties is to be paid his regular salary for certain periods of time. The claimant, on receipt of his regular pay every two weeks during the periods of his temporary total disability, signed a receipt, which is set forth in full as follows:
•- — ---, 195—
‘Receipt is hereby acknowledged from the City of Miami of payroll check #-representing a gross payment of ?- for the period - thru -, inclusive, which is in payment for time absent during this period, because of an injury alleged to have been incurred in line of duty. It is understood that this payment is in lieu of salary, and the undersigned hereby covenants and agrees that this amount shall be deducted from any award made under the Workmen’s Compensation Law and that it shall apply as an advance payment thereof. ‘Witnesses:
‘(Commission Exhibit 3)’
“On August 9, 1956, the claimant filed a claim for compensation and requested a hearing to determine his permanent disability as a result of both accidents. The Deputy Commissioner by an Order dated May 1, 1957, which was subsequently modified by an Order dated May 29, 1957, found, inter alia, that claimant had sustained certain permanent disabilities as heretofore recited, and that the City of Miami was entitled to credit against said award of compensation for permanent disability those amounts paid to claimant above the maximum compensation rate on the theory that they were advance payments of compensation made by the City of Miami to> the claimant.”
Inasmuch as the effect of the City of Miami Resolution No. 26006 is the matter to be determined, we set it out in full.
“Resolution No. 26006
“A Resolution to Provide a Basis for Compensation of Employees who are Temporarily Totally Disabled as a Result of Injury in Line of Duty; Repealing all Resolutions, Laws or Parts of Laws in Conflict Herewith.
“Be it Resolved by the Commission of the City of Miami, Florida:
“Section 1. That any employee who is temporarily totally disabled as a result of an injury received in the performance of duty shall be entitled to pay for a period not to exceed ninety (90) days from the date of such injury, in lieu of compensation, after which further disposition of the case is to be determined by a physical examination of such employee by such physician or physicians as shall be selected by the City Manager.
“Section 2. That, if it is determined as a result of said physical examination that such employee is unfit to return to duty at the expiration of the first ninety (90) day period as aforesaid, then, and in such event, the City Manager may approve pay to such employee for an additional period not to exceed ninety (90) days, such payments to be in lieu of compensation.
“Section 3. That in such cases, upon the expiration of the second ninety (90) day period no further extended periods shall be granted and such injured employee shall submit to a physical examination by such physician or physicians as shall be selected by the City Manager, and it shall be determined forthwith whether said employee is fit to return to duty, is totally but temporarily disabled, or should be considered as being totally and permanently disabled. In the event the employee is considered to be totally and permanently disabled, his Department Head shall immediately apply for retirement of the employee.
“Section 4. That in such cases when the employee is found to be temporarily disabled, due to injury in line of duty, such employee shall be entitled to pay *615 in an amount equal to two-thirds pay for the further period of his temporary disability, and that further disposition of the case of such an employee is to he determined by a physical examination of such employee by such physician or physicians as shall be selected by the City Manager at such times as shall be deemed expedient by the said City Manager. If the employee, as the result of such examination, is found to be disabled, but that his disability is not due to an injury in line of duty, he shall be considered as on sick leave. If the employee, as the result of such examination, is found to be fit to return to duty, he shall forthwith return to duty.
“Section 5. At any time during his absence from duty, due to an injury in line of duty, the employee shall be required to submit to a physical examination upon the request of the Department Head or the City Physician, approved by the City Manager, or upon the request of the City Manager. If such employee shall fail to submit to the examination at the time specified, he shall be removed from the payroll.
“Section 6. That all resolutions, laws, or parts of laws in conflict herewith be, and the same are hereby repealed and declared to be of no further force and effect.
“Passed and Adopted This 4th day of November, 1953.”
The Florida Industrial Commission in its closely reasoned order affirming the deputy commissioner, based its decision upon the case of Daoud v. Matz, Fla.1954, 73 So.2d 51, 54, stating that the holding by the deputy commissioner was in harmony with the philosophy and spirit expressed by our Supreme Court in the Daoud case. With all due respect, it is our opinion that we should not seek so elusive a phantom as the spirit of an opinion but should consider ourselves bound only by those propositions held to be determinative in a particular opinion.
In the Daoud case the employee was awarded (1) workmen’s compensation at the rate of $35 weekly in amount of $1,435, (2) medical expenditures in the amount of $12,625.07, (3) attorney’s fees in amount of $1,500. It will be noted that there was no award for permanent injury. Subsequently the employer alleged in its sworn petition that from the date of the accident and prior to the award, it had paid to the employee the sum of $314.35 each week on account of said award. The employer claimed a credit of $5,972.65 against the award. The employee did not controvert that the sums specified were in fact paid him, but contended that as a matter of law they would be considered gratuities. The circuit court so held. The Supreme Court stated:
“As we view the effect of the circuit court’s ruling, it was to refuse, as a matter of law, to allow application of the advance payments in satisfaction of the $35 a week compensation accruing from May 9, 1953 (the date upon which the employer made his last payment to the employee) through the date of the judgment of October 28, 1953, and to disallow any credit for previous payment of medical benefits adjudicated in the sum of $12,625.07.”
and further in deciding the point:
“Of primary importance in this situation, where an employer has made payments to an employee prior to an award, is, we think, the question of whether such payments were intended to be in fulfillment of the legal obligation of the employer to pay compensation to a disabled employee or whether they were intended as gratuitous payments in addition to what might be ultimately found due under the law. In respect to credit for continuing payments in the nature of salary to a disabled employee, it has been said, and with this principle we agree, that ‘if he is paid his regular wage although he does no work at all, it is a reasonable inference that the allowance is in lieu of compensation. * * *.’ ”
*616 It will be readily observed that the Daoud case has at least two fundamental differences from the situation at hand. First, the payments to the employee prior to award were evidently spontaneous. At least it is not stated that they were pursuant to any prior contract arrangement to pay him during a period of his inability to work. In the instant case there was a resolution, which became a part of the employee’s contract of employment and which provided that the payments should be made. Secondly, the employee in the Daoud case was required to set off weekly salary payments against weekly temporary total disability payments and an award for medical expenses. In the instant case, the employee received no award for temporary disability. The employer seeks to set off salary payments against an award made only for permanent impairment of earning capacity.
The first distinction noted is the more important. A reading of Resolution No. 26006 supra, brings us to the conclusion that it was the purpose of the city by the resolution to provide that no city employee should lose financially by reason of an injury incurred in line of duty. It is conceded by the respondent and stated in the order of the full commission, that a city employee who suffered a comparatively minor injury with no permanent effect would receive his full salary for the period of temporary disability and that a compensation award if made for such period would be far less than the salary. Therefore such an employee would receive a gratuity. It thus follows that the payments are always at least “in lieu of” compensation for temporary disability. But our question is, are they “in lieu of” compensation for permanent disability ? We must be guided here by the plain meaning of the words employed by the city in its resolution.
The words “in lieu of compensation” (Sect. 1 of Res. 26006) are more fittingly construed as “in the stead of compensation” rather than “as an advance upon compensation which later may be allowed for permanent disability”. See cases cited in 21 Words & Phrases, p. 471 for definition of “in lieu of” as synonymous with “instead of”. It therefore follows that the payment of salary was in lieu of temporary total disability compensation, and not an advance upon permanent partial disability. Note that the words “temporarily totally disabled” are used in the title of Res. 26006 above set forth.
We therefore hold that the payments made during the temporary disability were pursuant to the resolution and a part of the contract of employment between the city and the police officer, and that as such, they were in the stead of compensation for temporary total disability only. See Hawthorne v. Industrial Accident Commission, 101 Cal.App.2d 568, 225 P.2d 966; Dillon v. City of St. Paul, 236 Minn. 273, 52 N.W.2d 726; 2 Larson’s Workmen’s Compensation, § 97.65 (1952).
We must next consider the effect of the receipts signed by the employee for his salary payments during his temporary disability. It should be pointed out at this juncture that the full commission in its order did not consider the receipts as determinative. However, it is strongly argued by the respondents that they constitute the basis for the decision of the deputy commissioner.
It has already been pointed out that in our view, Resolution No. 26006 constituted a portion of the contract of employment between the employee and the city. No receipt, unless it were actually a release, could alter petitioner’s rights under his employment contract. Further the receipt is compatible with payments of salary pursuant to Resolution No. 26006 except for the use of the words “any award made under the Workmen’s Compensation Law [F.S.A. § 440.01 et seq.]” (emphasis supplied). Upon this discrepancy, the authority of the resolution of the city commission is higher than that of a receipt drawn by the city attorney’s office, and the resolution is controlling. Therefore the receipts do not alter the right of the petitioner.
*617 For the reasons stated, the writ of cer-tiorari is granted and the order of the full commission is quashed with directions to enter an order in conformity with this opinion.
Certiorari granted.
CARROLL, CHAS., C. J., and HORTON, J., concur,