[Civ. No. 28944. First Dist., Div. Four. Sept. 8, 1971.]

HOWARD AMBORN, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD and
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL, Respondents.

COUNSEL

Charles P. Scully and Lowell A. Airola for Petitioner.

Hession, Creedon, Hamlin, Kelly, Hanson & Farbstein and Dennis Charles Hession as Amici Curiae on behalf of Petitioner.

Rupert A. Pedrin, Jon L. Gateley, T. Groezinger, Loton Wells and W. R. Lowndes for Respondents.

## OPINION

**RATTIGAN, Acting P. J.**—Howard Amborn, the applicant in a workmen's compensation proceeding, petitioned this court for review of the final award made therein. For the reasons hereinafter stated, we (1) granted the writ of review and (2) annul the award.

In the "Findings and Award" filed by the Workmen's Compensation Appeals Board referee, the latter found that petitioner sustained an industrial injury to his heart on November 25, 1968, as the result of the stress of his duties as a highway patrolman in the employ of respondent State of California, Department of the Highway Patrol; that the injury caused temporary total disability from November 25, 1968, through May 1, 1969; and that the injury caused permanent disability rated at 66 percent. Based upon these findings, the referee awarded petitioner permanent disability payments at the rate of $52.50 per week, for 264 weeks and commencing May 9, 1969.

The foregoing matters are not disputed for present purposes; the question before us arises from the fact that Labor Code section 4800 entitled

petitioner, as an industrially disabled member of the California Highway Patrol, to "leave of absence while so disabled without loss of salary, in lieu of disability payments under this chapter, for a period of not exceeding one year."[1]

Resolving this question as presented to him (see fn. 1, *ante*), the referee further found that petitioner was "entitled to leave of absence with salary in lieu of temporary disability indemnity for the period November 25, 1968 through May 1, 1969, on which latter date . . . [petitioner's] . . . temporary disability ceased." As a "Conclusion of Law," the referee also stated: "Leave of absence provided for in Section 4800 of the Labor Code does not continue beyond the date when temporary disability ceases."

The Workmen's Compensation Appeals Board (hereinafter the "appeals board") adopted the referee's "Findings and Award," in all respects, after proceedings upon reconsideration thereof. In this court, petitioner challenges the appeals board's award insofar as it purports to determine that his right to salaried leave of absence, granted him by section 4800, terminated when his temporary disability ceased.[2] The challenge, which

---

[1]Except where otherwise indicated, all statutory references herein are to the Labor Code. Section 4800 thereof is hereinafter quoted at greater length. (See fn. 3, *post*.)

The question here mentioned was put to the referee, and he proceeded to deal with it, as shown in the following excerpt from his "Report" which accompanied his "Findings and Award":

"Applicant [petitioner] has been unable to resume his employment and apparently will never be able to do so. Section 4800 of the Labor Code provides in pertinent part that whenever any member of the California Highway Patrol is disabled by injury arising out of and in the course of his duties, he shall become entitled to leave of absence while so disabled without loss of salary in lieu of disability payments for a period of not exceeding one year. The parties have submitted for my decision the question whether the leave of absence continues beyond the date that the condition becomes permanent and stationary where, as here, the condition becomes permanent and stationary within one year of the date of injury. Although I am without jurisdiction to award the salary provided for in Section 4800, I have concluded that I do have jurisdiction to determine the factual and legal questions relating to the termination of the leave of absence. (See Labor Code Section 4801 and . . . [*Hawthorn* v. *Industrial Acc. Com.* (1951) 101 Cal.App.2d 568 (225 P.2d 966)]. . . .)"

[2]In legal effect, the award does not quite do this; the appeals board may make the findings authorized by section 4801 (i.e., whether the injury in question is industrial and when the consequent disability ceased), but is without jurisdiction to enforce any salary liability predicated upon them. (*Eason* v. *City of Riverside* (1965) 233 Cal.App.2d 190, 195 [43 Cal.Rptr. 408]; *Hawthorn* v. *City of Beverly Hills* (1952) 111 Cal.App.2d 723, 731 [245 P.2d 352]; *Hawthorn* v. *Industrial Acc. Com.* (1951) 101 Cal.App.2d 568, 572 [225 P.2d 966].) Respondent has not challenged the appeals board's jurisdiction to determine whether and when petitioner's salaried leave of absence terminated. We therefore assume that respondent intended to be bound by the referee's or the appeals board's determinations, as authorized by section 4801, when it (respondent) "submitted" the essential question to the referee. (See fn. 1, *ante* [third paragraph, second sentence].) If not, the appeals board's authorized find-

apparently presents a question of first impression in this state, requires an examination of the underlying statutes. The statutory provisions involved appear in sections 4800, 4803 and 4804.[3] Section 4800 makes no distinction between temporary and permanent disability, or between temporary and permanent "disability payments." (See fn. 3, *ante.*) Read literally, the section appears to provide that a member of the California Highway Patrol who is disabled by an industrial injury, temporarily or permanently, is entitled to a full year's salaried leave of absence in lieu of *any* disability payments, whether the latter are for temporary or permanent disability. But section 4800 cannot be interpreted alone; it must be read together with sections 4803 and 4804, and construed with them so that all three sections may be given effect if possible. (*Dept. of Motor Vehicles* v. *Ind. Acc. Com.* [*Cope*] (1947) 78 Cal.App.2d 626, 628-629 [178 P.2d 43]. Cf. *Burks* v. *Poppy Construction Co.* (1962) 57 Cal.2d 463, 470 [20 Cal.Rptr. 609, 370 P.2d 313]; *Mock* v. *Shulman* (1964) 226 Cal.App.2d 263, 268-269 [38 Cal.Rptr. 39].)

██ A reading of the three sections, together, produces three conceivable interpretations. (1) The first is that, according to the apparently plain language of section 4800 alone, an industrially disabled highway patrolman is entitled to a full year's salaried leave of absence, regardless of the nature of his disability as temporary or permanent, and "in lieu of"— but not in addition to—workmen's compensation benefits paid for either form of disability. This interpretation disregards the language of sections 4803 and 4804 (see fn. 3, *ante*), in which the Legislature obviously intended to—

ings will be binding upon a superior court in an action brought by an employee to enforce such salary liability. (*Eason* v. *City of Riverside, supra; Hawthorn* v. *City of Beverly Hills, supra.*)

[3]With sections 4801 and 4802, these statutes comprise article 6 ["Special Payments to California Highway Patrol . . .," commencing with section 4800] of chapter 2 ["Compensation Schedules"] of part 2 ["Computation Of Compensation"] of division 4 ["Workmen's Compensation And Insurance"] of the Labor Code. We hereinafter refer to sections 4800, 4803 and 4804, collectively, as "article 6." The cited sections provide in pertinent part as follows (italics added in each instance):

"4800. Whenever any member of the California Highway Patrol . . . is disabled by injury arising out of and in the course of his duties, he shall become entitled . . . to leave of absence while so disabled without loss of salary, *in lieu of disability payments under this chapter,* for a period of not exceeding one year."

(The reference to "this chapter" is to chapter 2 as mentioned in this footnote, *supra.*)

"4803. Whenever such disability of such member of the California Highway Patrol . . . continues for a period beyond one year, such member shall thereafter be subject, as to disability indemnity, to the provisions of this division other than Section 4800, *which refers to temporary disability only,* during the remainder of the disability. . . .

"4804. No disability indemnity shall be paid to said member of the California Highway Patrol . . . as *temporary disability* concurrently with wages or salary payments."

and, in the case of section 4804, explicitly did—make a distinction between temporary and permanent disability payments. We accordingly reject this interpretation, by reason of the rule indicating that we should seek to harmonize the three statutes, and give effect to each of them, while construing them together. (*Dept. of Motor Vehicles* v. *Ind. Acc. Com.* [*Cope*], *supra*, 78 Cal.App.2d 626 at pp. 628-629.)

(2) A second interpretation is that section 4803, which states that section 4800 "refers to temporary disability only" (see the text of § 4803 as quoted in fn. 3, *ante*), limits a disabled highway patrolman's salaried leave of absence to the period of his temporary disability. Under this interpretation, the affected employee's salaried leave terminates when his condition becomes permanent and ratable and when, for that reason and as of that time, it is found that his temporary disability ceased. This is the interpretation followed by the referee and by the appeals board. It is disadvantageous to an affected compensation applicant because permanent disability payments are fixed at a percentage of his salary (§ 4659) and are subject to a maximum ceiling of $52.50 per week (§§ 4453, 4653-4659; see Herlick, Cal. Workmen's Compensation Law (1970) § 5.20, p. 96 et seq.); thus, he ordinarily receives less in permanent disability payments than he would receive in salary during the leave of absence. (This is unquestionably true of petitioner, whose permanent disability payments of $52.50 per week amount to $210.00 per month upon the basis of a four-week month; his salary when he was injured was $2,000 per month.)

(3) Under a third interpretation, the clause "which refers to temporary disability only," as employed in section 4803 with explicit reference to section 4800 (see fn. 3, *ante*), limits the phrase "in lieu of disability payments" in section 4800, but not its provision entitling the applicant to a salaried leave of absence for a full year. (*Ibid.*) This is the interpretation urged by petitioner, who accordingly contends that section 4800 entitled him to full salary for one year following his injury, but not while he was receiving temporary disability payments only: in other words, that he was entitled to receive full salary *in addition to* his permanent disability payments when they commenced on May 9, 1969.

In choosing between the second and third interpretations, we are not assisted by the case law on this subject: the decisions cited by both parties are inapplicable because they involve obsolete versions of the relevant statutes, because they did not deal with the present question, or because pertinent statements by the respective courts are dicta. (*Dept. of Motor Vehicles* v. *Industrial Acc. Com.* [*Dinan*] (1939) 14 Cal.2d 189 [93 P.2d 131]; *Dept. of Motor Vehicles* v. *Industrial Acc. Com.* [*Reed*] (1948) 83

Cal.App.2d 671 [189 P.2d 730]; *City of Palo Alto* v. *Industrial Acc. Com.* [*Gaudin*] (1965) 232 Cal.App.2d 305 [42 Cal.Rptr. 822].)

We are therefore required to examine the legislative history of the statutes involved. The language in section 4800, providing salaried leave of absence to an industrially disabled highway patrolman, was enacted in 1937 (Stats. 1937, ch. 90, pp. 285-286), substantially identical to the language now appearing in the statute. As also enacted at that time, sections 4803 and 4804 did not refer to "temporary disability." (*Ibid.*, at pp. 286, 287.) In 1939, section 4803 was amended to state that section 4800 "refers to temporary disability only," and to include this sentence: "All compensation or other disability indemnity shall be paid to a member of said California Highway Patrol on account of or for a *permanent* disability rating made by the Industrial Accident Commission." (Italics added.) (Stats. 1939, ch. 902, § 3, p. 2519.)

In 1943, the Legislature again amended section 4803 to delete the above-quoted sentence appearing in the 1939 version ("All compensation or other disability indemnity . . ."), but left in it the present clause providing that section 4800 "refers to temporary disability only." (Stats. 1943, ch. 1137, § 1, p. 3082.) The 1943 Legislature also amended section 4804, which had theretofore prohibited both permanent *and* temporary disability payments concurrently with salary payments, to prohibit (as the section now provides in substance) only *temporary* disability payments concurrently with salary payments. (*Ibid.*, § 2, p. 3082.)

The appeals board, adopting the referee's decision, based its interpretation of article 6 upon an analysis of sections 4850-4854, which appear as article 7 of the same chapter and which accord a similar salaried leave of absence to an industrially disabled police or fire employee of local government. This analysis fails because it is based upon superficial differences in the statutory language concerned, and because it does not take into account the distinct legislative history of article 7. (See Stats. 1939, ch. 926, § 1, p. 2604; Stats. 1949, ch. 1143, § 1, pp. 2042-2043. See also 36 State Bar J. 789 [referring to § 4850 as amended in 1961].) For the latter reason, the decisions dealing with sections 4850-4854 are not controlling. (*City of Palo Alto* v. *Industrial Acc. Com.* [*Gaudin*], *supra*, 232 Cal.App.2d 305; *City of Palo Alto* v. *Industrial Acc. Com.* [*Kidder*] (1959) 175 Cal.App. 2d 83 [345 P.2d 586].)

We are thus called upon to choose between the second and third interpretations (defined *supra*) of article 6, but without assistance from case law or administrative construction. We adopt the third interpretation, for two reasons: (1) Where section 4804 had prohibited both permanent *and*

temporary disability payments, concurrent with salary payments during a highway patrolman's leave of absence for disability, the 1943 Legislature amended it to prohibit the concurrence of salary payments with *temporary* disability payments only. Although the full legislative history of section 4804 is confused, the 1943 amendment appears to have been definitive for present purposes. (2) When workmen's compensation statutes are equally susceptible of interpretations which are alternatively beneficial or detrimental to the affected employee, they must be construed favorably to the employee. (§ 3202; *Colonial Ins. Co.* v. *Ind. Acc. Com.* (1945) 27 Cal. 2d 437, 439-440 [164 P.2d 490]; *Granado* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 399, 404 [71 Cal.Rptr. 678, 445 P.2d 294].) Under the third interpretation of article 6, petitioner's salaried leave of absence continued beyond the date when his temporary disability ceased, except as otherwise limited (to one year) by section 4800.

The award is annulled. The cause is remanded to the Workmen's Compensation Appeals Board with directions to modify the award consistent with the views herein expressed.

Christian, J., and Elkington, J.,* concurred.

On October 4, 1971, the opinion was modified to read as printed above.

---

*Assigned by the Chairman of the Judicial Council.