[Civ. No. 30648. First Dist., Div. One. Nov. 21, 1972.]

LEROY M. PERRY, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
STATE OF CALIFORNIA et al., Respondents.

## COUNSEL

Davis, Cowell & Bowe and Alan C. Davis for Petitioner.

Edward W. Korab, City Attorney, for Respondents.

## OPINION

**WEINBERGER, J.**\*—Petitioner, a city fireman, entitled to workmen's compensation insurance benefits under the provisions of article 7, chapter 2, part 2, division 4 of the Labor Code (§§ 4850-4855) seeks review of an award which granted his employer credit for $630 against the permanent disability award otherwise payable to petitioner. The credit was allowed because during the period from July 7, 1970, when his disability was determined to be permanent through October 5, 1970, the date of petitioner's retirement for disability under the Public Employees Retirement Act, he had received payment of his full salary pursuant to the provisions of section 4850 of the Labor Code.

The case involves reconciliation of the provisions of Labor Code section 4850 and 4854. Section 4850 provides in pertinent part: "Whenever any . . . city fireman, . . . who is a member of the Public Em-

---

\*Assigned by the Chairman of the Judicial Council.

ployees' Retirement System . . . is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his duties, he shall become entitled, regardless of his period of service with the city or county, to leave of absence while so disabled without loss of salary, in lieu of temporary disability payments, if any, which would be payable under this chapter, for the period of such disability but not exceeding one year, or until such earlier date as he is retired on permanent disability pension."

It is established under the provisions of the foregoing section that unless terminated by disability retirement (see *Eason* v. *City of Riverside* (1965) 233 Cal.App.2d 190, 193-194 [43 Cal.Rptr. 408]) the employee is entitled to a full compensation at his existing salary for 52 weeks regardless of whether the disability is temporary or permanent. (See *Austin* v. *City of Santa Monica* (1965) 234 Cal.App.2d 841, 844-845 [44 Cal.Rptr. 857]; *City of Palo Alto* v. *Industrial Acc. Com.* [*Gaudin*] (1965) 232 Cal. App.2d 305, 307 [42 Cal.Rptr. 822]; and note *Amborn* v. *Workmen's Comp. Appeals Bd.* (1971) 19 Cal.App.3d 953, 959 [97 Cal.Rptr. 466].)

It is contended by the respondents that because section 4850 expressly provides that the payments thereunder are "in lieu of temporary disability payments, if any, which would be payable . . ." that such payments should terminate when permanent disability benefits become payable. The statute does not so state, and cases interpreting it and similar statutes do not so hold. The payment of special compensation measured by salary will not prevent the recovery of permanent benefits without offset. (*Dept. of Motor Vehicles* v. *Ind. Acc. Com.* [*Cope*] (1947) 78 Cal.App.2d 626, 630 [178 P.2d 43]. See also *Hawthorn* v. *Industrial Acc. Com.* (1951) 101 Cal.App.2d 568, 571 [225 P.2d 966]; and cf. *Dept. of Motor Vehicles* v. *Ind. Acc. Com.* [*Reed*] 83 Cal.App.2d 671, 676 [189 P.2d 730], construing earlier statutes.)

In *Hawthorn* v. *Industrial Acc. Com., supra,* the court distinguished between the salary paid to a city fireman in lieu of temporary disability payments and the permanent disability benefit owed to the fireman. It adopted an interpretation of sections 4850 and 4854 of the Labor Code similar to the interpretation placed on section 4800 of the Labor Code in *Dept. of Motor Vehicles* v. *Ind. Acc. Com., supra,* as follows: " 'Viewing the several sections of the Labor Code under consideration in the light of the established rules of construction, it is manifest that it was intended by the Legislature to provide an injured patrolman with his full pay for a year in the place of any temporary disability allowance, but in no way to limit his right in accordance with the general rule to receive an award of permanent disability indemnity concurrently with his salary.' "

It is concluded that an employee suffering permanent disability is entitled to full compensation for that disability in addition to the special compensation awarded by section 4850, subject to the limitations imposed by section 4854 which provides: "No disability indemnity shall be paid to any such officer or employee concurrently with wages or salary payments."

The referee suggested, but rejected, the view which we now adopt that section 4854 should be construed as meaning that the payments for permanent disability should be deferred until the termination of the employee's leave of absence with full salary, under the provisions of section 4850. We, therefore, conclude that the employee suffering permanent disability is entitled to full compensation for that disability in addition to the special compensation afforded by section 4850, but that in compliance with section 4854 the payments of the compensation for such permanent disability should commence on the termination of the leave of absence allowed by section 4850.

It is recognized that there is a general policy against "double recovery" for permanent disability when charter or statutory provisions expressly so provide. (See *Herrera* v. *Workmen's Comp. App. Bd.* (1969) 71 Cal.2d 254, 259 [78 Cal.Rptr. 497, 455 P.2d 425]; *City of Los Angeles* v. *Industrial Acc. Com.* [*Fraide*] (1965) 63 Cal.2d 242, 253 [46 Cal.Rptr. 97, 404 P.2d 801]; *City etc. of S. F.* v. *Workmen's Comp. App. Bd.* (1968) 267 Cal.App.2d 771, 783 [73 Cal.Rptr. 429]; and *City of Oakland* v. *Workmen's Comp. App. Bd.* (1968) 259 Cal.App.2d 163, 166 [66 Cal. Rptr. 283].) In this case, however, no issue is presented as to whether the employee should have received permanent disability payments concurrent with retirement benefits which accrued because of that disability. (See *City of Palo Alto* v. *Industrial Acc. Com.*, 232 Cal.App.2d 305, 312-313, fns. 12-17 [42 Cal.Rptr. 822], and accompanying text.) The sole question is whether the special disability benefits the Legislature has granted to public safety employees of the class in which petitioner is found are to be in lieu of or in addition to the permanent disability benefits otherwise provided for all employees. In the absence of an express direction that the former are in lieu of the latter, they should be considered cumulative.

The award is vacated and the proceedings under review are remanded to the Workmen's Compensation Appeals Board to revise its award by deleting the credit of $630.

Molinari, P. J., and Elkington, J., concurred.