[Civ. No. 14656. Third Dist. Feb. 20, 1975.]

ROBERT J. PASQUINELLI et al., Plaintiffs and Respondents, v.
THE STATE OF CALIFORNIA et al., Defendants and Appellants.

## Counsel

Evelle J. Younger, Attorney General, and William M. Goode, Deputy Attorney General, for Defendants and Appellants.

Donohoe, Reidy & Jones and Yale I. Jones for Plaintiffs and Respondents.

## Opinion

**FRIEDMAN, J.**—The principal problem on appeal is selection of the appropriate statute of limitations covering claims for disability compensation under Labor Code section 4800, which entitles members of the California Highway Patrol who suffer employment-connected disability "to leave of absence while so disabled without loss of salary . . . for a period of not exceeding one year."

Before section 4800 was judicially interpreted, the state authorities viewed the statute as authority for a paid leave of absence only during the highway patrolman's temporary disability; upon a finding of permanent disability within a year of injury, they terminated the salary payments. Then came *Amborn v. Workmen's Comp. Appeals Bd.,* 19 Cal.App.3d 953 [97 Cal.Rptr. 466], filed September 8, 1971. *Amborn* interpreted section 4800 as a command for salaried leave of absence for up to one year of disability, temporary or permanent, uninterrupted by a finding or award of permanent disability during the year.

The *Amborn* decision aroused claims for back salary by employees whose paid leave of absence had been terminated under the erroneous administrative interpretation. Petitioner Goff had been injured in the course of his highway patrol duty on December 1, 1968, and received 69 days of paid disability leave; he was separated from the service for permanent disability on October 6, 1969. Petitioner Pasquinelli suffered several injuries, the last on May 30, 1970, and received 226-⅞ days of benefits under section 4800, separating for permanent disability on October 15, 1970.

Seeking vindication of the rights revealed by *Amborn,* both petitioners joined in a single mandamus petition filed in the superior court on July 24, 1973. Approximately four years, five months had passed since termination of Goff's disability benefits and two years, seven months,

since Pasquinelli's. In the trial court the state asserted the bar of a one-year period of limitations; petitioners sought shelter under the five-year statute governing some workmen's compensation proceedings. The trial court agreed with petitioners and granted a writ of mandate. The state appeals.

In a mandamus proceeding the statute of limitations begins to run when the petitioner's right first accrued. (*Monroe* v. *Trustees of the California State Colleges,* 6 Cal.3d 399, 405 [99 Cal.Rptr. 129, 491 P.2d 1105].) The *Amborn* decision did no more than declare the meaning of an existing statute; it did not operate prospectively, but had a "normal" retroactive impact. The usual retroactivity of civil decisions does not suspend the operation of the statute of limitations. (*Monroe* v. *Trustees of the California State Colleges, supra,* 6 Cal.3d at pp. 406-407.) Petitioners' respective causes of action first accrued on the salary date immediately following the erroneous termination of disability leave; nevertheless, each had a right of action for recovery of each salary installment payable within the appropriate period of limitations preceding June 24, 1973, when they commenced this action. (*Corato* v. *Estate of Corato,* 201 Cal. 155, 159-161 [255 P. 825]; *Carrasco* v. *Greco Canning Co.,* 58 Cal.App.2d 673, 675-676 [137 P.2d 463].)

■ The salary paid to an injured patrolman during his disability is a form of workmen's compensation benefit. (*Knopfer* v. *Flournoy,* 34 Cal.App.3d 318, 320-321 [109 Cal.Rptr. 892]; see also, *Boyd* v. *City of Santa Ana,* 6 Cal.3d 393, 397 [99 Cal.Rptr. 38, 491 P.2d 830].) This characteristic supplies the conceptual basis for the trial court's acceptance of the five-year period of limitations fixed by two provisions of the workmen's compensation law, Labor Code sections 4656 and 5804.

Labor Code section 4656 imposes a five-year limit, from the date of injury, upon temporary disability payments under the workmen's compensation law. (*Liberty Mut. Ins. Co.* v. *Ind. Acc. Com.,* 231 Cal.App.2d 501, 505 [42 Cal.Rptr. 58].) It is a substantive restriction. Its procedural impact is indirect and confined to proceedings before the Workmen's Compensation Appeals Board. The WCAB has only a limited role in relation to paid leaves of absence under section 4800; upon request, it determines whether the disability is duty-connected; it makes no award, however; the salary paid during the leave of absence is a direct obligation of the employer to the employee, enforceable by mandamus. (*Boyd* v. *City of Santa Ana, supra,* 6 Cal.3d at p. 397.) Section 4656 is not a statute of limitations upon civil lawsuits and is inapplicable here.

Nor is section 5804 any more appropriate. Read with section 5803, it authorizes the WCAB to amend an original award within five years of the injury where the original disability has recurred or increased. (*Beaida* v. *Workmen's Comp. App. Bd.* 263 Cal.App.2d 204, 207 [69 Cal.Rptr. 516].) Section 5805 is a limitation on the powers of the WCAB, not a statute of limitations governing an employee's civil lawsuit against his employer. (See, e.g., *State of Cal.* v. *Industrial Acc. Com.,* 155 Cal.App.2d 288, 289-290 [318 P.2d 34].) The trial court erred in according petitioners a five-year period of limitations.

The state suggests another period of limitations, the one-year period fixed by Labor Code section 5405.[1] The latter statute is excluded by its very terms. Like section 5804, it is a time limitation upon commencement of WCAB proceedings, not upon civil lawsuits. It deals with hospital and medical benefits under article 2 and with disability payments decreed by article 3 of the Labor Code chapter which fixes compensation schedules. By its express terms it is directed at only these two articles. (*State of Cal.* v. *Industrial Acc. Com., supra,* 155 Cal.App.2d at p. 290.) It has no effect upon section 4800, which is part of a separate article of the same chapter.

Alternatively, the Attorney General points to Government Code section 19630, which fixes a one-year period of limitation for actions or proceedings seeking a remedy "for wrongs or grievances based on or related to any civil service law in this State or the administration thereof ... ." Section 19630 is literally inapplicable here, for this action is brought to enforce rights conferred by Labor Code section 4800, which is not a civil service law at all but a special kind of workmen's compensation law.

Petitioners seek reinstatement to a leave of absence, a status which carries with it a salary mandated by statute, i.e., Labor Code section 4800. The alleged liability is one created by statute. The appropriate statute of limitations is Code of Civil Procedure section 338, subdivision 1, which fixes a three-year limitation on actions "upon a liability created by statute . . . ." (*Lerner* v. *Los Angeles City Board of Education,* 59

---

[1]Labor Code section 5405: "The period within which may be commenced proceedings for the collection of the benefits provided by Articles 2 or 3, or both, of Chapter 2 of Part 2 of this division is one year from:

"(a) The date of injury; or

"(b) The expiration of any period covered by payment under Article 3 of Chapter 2 of Part 2 of this division; or

"(c) The date of last furnishing of any benefits provided for in Article 2 of Chapter 2 of Part 2 of this division."

Cal.2d 382, 389 [29 Cal.Rptr. 657, 380 P.2d 97]; *Raymond* v. *Christian*, 24 Cal.App.2d 92, 113 [74 P.2d 536].)

Thus each petitioner is entitled to sue for disability-leave salary payable within three years preceding commencement of this action. Goff's salary entitlement ended more than three years before this action was filed; his claim is entirely barred. Pasquinelli's claim is partially barred. He may sue for salary payable within three years preceding July 24, 1973, when his petition for mandate was filed.

Goff, through his attorney, demanded his unpaid disability salary in June 1972, Pasquinelli in May 1973. Several decisions hold that an employee who has lost his job under a newly discredited legal interpretation, may acquire a new accrual date by demanding reinstatement, thus starting the statute of limitations anew. (*Monroe* v. *Trustees of the California State Colleges, supra,* 6 Cal.3d at pp. 408-409; *Lerner* v. *Los Angeles City Board of Education, supra,* 59 Cal.2d at pp. 390-391.) These decisions are confined to rights accruing after the demand. They have no force here, where the salary accruals antedated the demand. Petitioners are bound by the conventional rule—at the point of time when the right fully accrues, except for some demand to be made as a condition of relief, which the claimant can make whenever he chooses, the cause of action has accrued and the statute of limitations set in motion; the party may not postpone his claim's accrual by a late demand. (*Dillon* v. *Board of Pension Commrs.,* 18 Cal.2d 427, 430 [116 P.2d 37, 136 A.L.R. 800]; *Raymond* v. *Christian, supra,* 24 Cal.App.2d at p. 113.)

■ The Attorney General raises a substantive claim. He points out that when petitioners' salaried leaves of absence were terminated, each took disability retirement. Government Code section 21150, a provision of the Public Employees' Retirement Law, prohibits public employment of a person who continues on disability retirement. The Attorney General argues that this statute bars petitioners from completing their salaried leaves of absence while they were drawing disability retirement benefits.

Petitioner Pasquinelli did not voluntarily relinquish the salaried leave of absence granted by Labor Code section 4800. He indulged in no waiver, but acted in response to the demand of his employer, who erroneously directed termination of his salaried status. He was erroneously deprived of a statutory benefit and is now entitled to as much of it as the statute of limitations permits. Restoration of the erroneously

withheld disability benefits is not an "employment" forbidden by Government Code section 21150.

The judgment is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion. Each side will bear its own appeal costs.

Puglia, P. J., and Janes, J., concurred.

A petition for a rehearing was denied March 14, 1975, and the opinion was modified to read as printed above.