[Civ. No. 434.   Fifth Dist.   Mar. 23, 1965.]

DOUGLAS EASON, Plaintiff and Appellant, v. CITY OF RIVERSIDE, Defendant and Respondent.

Richman, Garrett & Ansell and Lionel Richman for Plaintiff and Appellant.

Leland J. Thompson, City Attorney, and John Woodhead, Assistant City Attorney, for Defendant and Respondent.

STONE, J.—Appellant, a police officer employed by respondent City of Riverside, was injured while acting within the course and scope of his employment on June 30, 1961. He filed a claim with the Industrial Accident Commission, which found that his industrial injury caused temporary total disability beginning August 17, 1961, through October 30, 1961, again beginning November 27, 1962, through December 3, 1962; again December 26, 1962; again beginning January 3, 1963, through January 7, 1963; again beginning January 9, 1963, through January 13, 1963; again beginning January 15, 1963, through June 25, 1963, and continuing thereafter.

Effective March 31, 1963, appellant was retired on permanent disability pension at the request of the chief of police. Appellant received his full salary from the date of injury until April 4, 1963. Part of that time he was employed at a desk job, but he was never able to resume his duties as a patrolman. When not working he was on leave of absence because of temporary disability resulting from the accident. The full salary paid him during his several leaves of absence covered a total of 32-2/7 weeks, spread over nearly two calendar years.

Appellant was a member of the State Employees' Retirement System and as such he claims leave of absence salary for an additional 19-5/7 weeks, or a total of one year. Labor Code section 4850 provides that an employee who is injured in the course of his duty and suffers temporary disability, if a member of the State Employees' Retirement System, is entitled to: "... leave of absence while so disabled without loss of salary, in lieu of temporary disability payments, if any, which would be payable under this chapter, for the period of such disability but not exceeding one year, or until such earlier date as he is retired on permanent disability pension."

Two questions arise: first, the meaning of the language "not exceeding one year" and, second, the relation of this language to that which immediately follows, "or until such earlier date as he is retired on permanent disability pension."

As to the first question, appellant contends that "not exceeding one year" means a cumulative total of 52 weeks so that the temporary disability resulting in leave of absence need not be continuous. Respondent asserts that "one year" means one calendar year from the date of injury.

Labor Code section 3202 directs the courts to liberally construe the sections of the Labor Code "with the purpose of extending their benefits for the protection of persons injured in the course of their employment." A number of cases note and reiterate this basic rule of construction.

■ Only the one salary is payable, as Labor Code section 4854 provides: "No disability indemnity shall be paid to any such officer or employee concurrently with wages or salary payments."

Therefore any payments of salary between intervals of leaves of absence must be considered salary and not payments for temporary disability.

■ Quite aside from section 3202 and the cases, fair play and logic impel the conclusion that an injured employee who works between intervals of disability should not be penalized by having such periods of employment charged against his right to compensation resulting from temporary disability.

■ Conversely, the employer who is receiving the services of the employee should not be allowed to credit earned salary against the employee's right to a total of one year's leave of absence with pay, arising from his injury.

■ Public policy favors an injured employee's return to work, and he should be given every encouragement to do so. To hold that salary earned during attempts to return to work count against his leave of absence is to penalize him for trying to return to work, and contrary to the spirit of the Labor Code.

■ Respondent argues that if the language "not exceeding one year" in section 4850 is held to mean 52 cumulative weeks it would leave open indefinitely the employee's right to claim leave of absence in lieu of temporary disability payments. The Legislature, apparently in contemplation of a situation of this sort, has provided, in Labor Code section 4656, that: "Aggregate disability payments for a single injury causing temporary disability shall not extend for more than 240 compensable weeks within a period of five years from the date of the injury."

■ We turn now to the wording "or until such earlier date as he is retired on permanent disability pension" which follows the words "not exceeding one year." They are joined by the conjunction "or," which Webster defines as "a co-ordinating particle that marks an alternative." Standing alone the phrase "until such earlier date as he is retired on permanent disability pension" is an incomplete statement, but

as an alternative joined to the preceding clause by the conjunction "or" it becomes a complete thought.

As noted above, we are mindful of the admonition to liberally construe the provisions of the Labor Code for the protection of persons injured in the course of their employment. Yet to hold the word "or" joins independent provisions of section 4850, and not alternative provisions, goes beyond a liberal construction; it would pervert the plain language of the statute. We conclude that when appellant was retired at an "earlier date" his right to leave of absence with full pay terminated.

Appellant contends that to construe section 4850 in the alternative would enable an employer to force an employee to retire on permanent disability pension and cut off the employee's leave of absence with full salary before his temporary disability reached a total of 52 weeks. The record before us raises no question whether appellant's retirement on permanent disability pension was "forced," that is, whether it was against his wishes or contrary to law. ■■■ Since a procedure is provided for determining whether an injured employee comes within the status of "temporary disability" or "permanent disability," the question must be raised as an issue in the case; we cannot treat it as an abstract proposition. We adhere to our interpretation of the statute in the alternative, since the propriety of appellant's retirement on permanent disability pension was not raised in the court below.

Appellant, with justification, takes exception to the findings. Number one, that "The City of Riverside has complied with the provisions of Section 4850 of the Labor Code of the State of California," is palpably a conclusion of law. It does not find that appellant suffered an injury, or when, whether he ever was on leave of absence with full pay, or how long and, particularly, whether he was retired, and when. In short, no findings essential to the conclusion that the City of Riverside has complied with the provisions of Labor Code section 4850 were made.

Findings 3 and 4 read as follows:

"3. Prior to petitioner's filing of his petition for a Writ of Mandate the Industrial Accident Commission of the State of California had assumed jurisdiction of petitioner's claims for Workmen's Compensation and disability retirement payments through petitioner's filing of that action called 'Eason v. City of Riverside and State Compensation Insurance Fund Case No. 62SRB10595.'

"4. The Industrial Accident Commission of the State of California in the aforementioned action has made no findings or order to effect that petitioner is entitled to additional payments from the City of Riverside under Labor Code Section 4850."

These two findings are predicated upon a misconception of the jurisdiction of the Industrial Accident Commission as to matters coming within the purview of section 4850. Labor Code section 4851 provides that: "The governing body of any city, county or city and county, in addition to anyone else properly entitled, including the State Employees' Retirement System, may request the Industrial Accident Commission to determine in any case, and the commission shall determine, *whether or not the disability referred to in Section 4850 arose out of and in the course of duty.* The commission shall, also, in any disputed case, *determine when such disability exists.*" (Italics added.)

Thus, if a dispute arises as to an employee's rights under Labor Code section 4850, the authority of the Industrial Accident Commission is limited to determining whether the disability arose out of and in the course of duty, and when such disability exists. It follows that since the authority of the commission is limited in this respect by Labor Code section 4851, the commission cannot determine the amount or amounts due a member of the State Employees' Retirement System under Labor Code section 4850; that determination is for the court.

On the other hand, a superior court, in a proceeding to determine an injured employee's right under Labor Code section 4850, is bound by the findings of the Industrial Accident Commission made pursuant to Labor Code section 4851. The Supreme Court made this clear in *Loustalot* v. *Superior Court,* 30 Cal.2d 905, wherein it is said, at page 912 [186 P.2d 673] : "Likewise, an order of the Industrial Accident Commission, even though erroneous, may not be reviewed or annulled by the superior court and must stand as a proper and legal order until reversed by this court or a District Court of Appeal. The only relief afforded the aggrieved party is a writ by this court or a District Court of Appeal."

We conclude that under Labor Code section 4850 appellant's right to additional leave of absence with full salary terminated upon his retirement. The findings, however, are wholly inadequate to support the judgment. Since this case rests upon documentary evidence and an interpretation

of the Labor Code, we see no purpose in sending it back for retrial.

For lack of proper findings, the cause is remanded to the superior court with instructions to enter findings of fact, conclusions of law, and judgment in accordance with the views herein expressed. Each party to bear own costs on appeal.

Conley, P. J., and Brown (R. M.), J., concurred.

A petition for a rehearing was denied April 20, 1965, and appellant's petition for a hearing by the Supreme Court was denied May 19, 1965.