[Civ. No. 42064. Second Dist., Div. Three. Feb. 26, 1974.]

DONALD A. RADESKY, Plaintiff and Appellant, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

**COUNSEL**

Lewis & Marenstein and Patrick J. Thistle for Plaintiff and Appellant.

Burt Pines, City Attorney, Jack L. Wells, Assistant City Attorney, and Henry G. Morris, Deputy City Attorney, for Defendants and Respondents.

**OPINION**

**THE COURT.**—In an amended petition for a writ of mandate Donald A. Radesky (hereafter Radesky), a police officer for respondent City of Los Angeles (hereafter the City), sought to compel the payment to him of temporary disability compensation pursuant to section 4.177 of the Los Angeles City Administrative Code. The City interposed a demurrer to Radesky's amended petition, which was sustained without leave to amend. An order of dismissal was entered pursuant to Code of Civil Procedure section 581, subdivision 3.

Radesky appeals from "the order of the above entitled Superior Court entered in the minutes of said court on October 16, 1972, decreeing that respondent's Demurrer to the Amended Petition for Writ of Mandate be sustained without leave to amend." While the order sustaining the City's demurrer is not an appealable order, we deem Radesky's appeal to be from the order of dismissal dated November 9, 1972, which, of course, is an appealable order. (*Vibert* v. *Berger,* 64 Cal.2d 65 [48 Cal.Rptr. 886, 410 P.2d 390]; *A. L. Castle, Inc.* v. *County of San Benito,* 227 Cal.App.2d 602, 604-605 [38 Cal.Rptr. 855]; *Smith* v. *Smith,* 126 Cal.App.2d 194, 195 [272 P.2d 118].)

In his amended petition Radesky alleged as follows: "That on or about January 2, 1965, petitioner, acting in the course and scope of his employment as a police officer for respondent CITY, received injuries to his person while actively performing duties as a police officer.

"That as a result of said injury, proximately caused by, arising out of and in the course and scope of his employment, petitioner was temporarily disabled.

". . . . . . . . . . . . . . . . .

"That during the period January 2, 1965, to September 1, 1971, petitioner applied for and received temporary disability benefits pursuant to Section 4.177 of the Los Angeles City Administrative Code for periods of time totalling approximately seventy-one days; that respondent CITY has accepted and continues to accept liability for payment of medical and surgical costs relating to petitioner's injury sustained on January 2, 1965.

"That as a further result of the injuries sustained by petitioner on or about January 2, 1965, petitioner was required to undergo medical and surgical treatment that necessitated absence from his place of employment with respondent CITY for a period commencing on or about September 22, 1971, and ending on or about November 1, 1971.

"That as a further result of the injuries sustained by the petitioner on January 2, 1965, petitioner was required to undergo further medical and surgical treatment that caused him to be absent from his place of employment with respondent CITY for a period commencing on or about April 12, 1972, through May 14, 1972.

"That petitioner also filed an application for workmen's compensation benefits with the Workmen's Compensation Appeals Board within one year of the date of furnishing of last benefits, pursuant to California Labor Code Section 5405(c). Said Workmen's Compensation Appeals Board has accepted jurisdiction, but found petitioner's condition not to be permanent and stationary. Respondent CITY OF LOS ANGELES has provided and continues to provide medical and surgical treatment to petitioner.

"That on or about September 20, 1971, petitioner filed an application with respondent CITY for temporary disability compensation benefits pursuant to Section 4.177 of the Los Angeles City Administrative Code for the period from September 22, 1971, to November 1, 1971.

"That on or about March 30, 1972, petitioner applied for temporary disability compensation benefits pursuant to Section 4.177 of the Los Angeles City Administrative Code for the period commencing April 12, 1972, through May 15, 1972.

"That during the period February 2, 1965 to the present time, petitioner has not received one year of salary as temporary disability compensation, nor has he been absent from his place of employment with respondent CITY for a period of one year, including the absences from September 22, 1971, to November 1, 1971, and April 12, 1972, through May 15, 1972.

"Respondents, and each of them, have refused and presently refuse to honor petitioner's request for temporary disability compensation for the periods September 22, 1971, to November 1, 1971, and April 12, 1972, through May 15, 1972."

The City demurred on the ground that "[t]he Amended Petition for Writ of Mandate on file herein fails to state facts sufficient to constitute a cause of action against the respondents in that it is barred by the statute of limitations."

The question presented on this appeal is whether the limitation periods contained in division IV of the Labor Code are applicable to claims for

temporary disability compensation made pursuant to section 4.177 of the Los Angeles Administrative Code.[1]

[1]The entire text of section 4.177 of the Los Angeles Administrative Code is as follows: "Sec. 4.177. Compensation to Be Paid to Members of the Fire Department and Police Department Who Are Disabled in the Performance of Their Duties.

"(a) Any member of the Fire Department or Police Department who is temporarily disabled by reason of illness or injury proximately caused by, arising out of, and in the course and scope of his employment, shall receive as temporary disability compensation (Division IV of the Labor Code of the State of California) an amount equal to his base salary less the sum which would be deducted therefrom pursuant to Charter Section 186½ or Section 190.10 if he were actively performing his duties. Provided, however, that in no event shall any member of the Fire Department or Police Department receive any temporary disability compensation pursuant to this subsection after he has been granted a pension, or for a period longer than one (1) year. In the event that the member is temporarily disabled and prevented by such temporary disability from returning to duty at the expiration of one (1) year, and said member has not been granted a pension prior to that time, he shall then receive temporary disability compensation at the rate provided in Division IV of the Labor Code of the State of California.

"(b) Any member of the Fire Department or Police Department who is disabled by reason of illness or injury proximately caused by, arising out of, and in the course and scope of his employment, and a physician designated by the Personnel Department has certified that such member is permanently disabled and is permanent and stationary and that said member is not fit by reason of such disability for any type of available duty, he shall receive as disability compensation (Division IV of the Labor Code of the State of California) an amount equal to his base salary less the sum which would be deducted therefrom pursuant to Charter Section 186½ or Section 190.10 if he were actively performing his duties. Provided, however, that in no event shall any member of the Fire Department or Police Department receive any disability compensation pursuant to this subsection after he has been granted a pension nor shall any member receive any temporary disability compensation pursuant to subsection (a) of this section plus disability compensation pursuant to this subsection or any combination thereof, for a period longer than one (1) year. Further provided, that no disability compensation shall be paid pursuant to this subsection unless a written application for a disability pension is filed with the Department of Pensions as soon as is practicable after the Fire Department or Police Department is notified that the condition of the disabled member has been declared permanent and stationary.

"(c) All issues and conflict, including issues of medical fact, which may arise by the application of this section, shall be resolved by the General Manager of the Personnel Department.

"(d) The employing department shall make the initial determination as to proximate cause of injury or illness; workmen's compensation benefits shall be administered in accordance with the provisions of Division IV of the Labor Code by the General Manager of the Personnel Department; any dispute concerning the proximate cause of injury or illness shall be resolved in accordance with the advice of the City Attorney. The benefits of this section shall be administered in accordance with decisions of the Workmen's Compensation Appeals Board.

"(e) All checks drawn in payment of the compensation hereinabove in this section mentioned shall show on the reverse side the following notation:

Paid and received pursuant to the provisions of Section 4.177 of the Los Angeles Administrative Code, not as a salary or wages for services rendered, but as a disability indemnity payment pursuant to the obligation of the City of Los Angeles under Division IV of the Labor Code of the State of California.

"The departmental payroll shall indicate said ordinance and section pursuant to which the funds are disbursed."

Subsection (a) of section 4.177 allows as temporary disability compensation to members of the City's fire and police departments an amount equal to the fireman's or policeman's "base salary less the sum which would be deducted pursuant to Charter Section 186½ or Section 190.10 if he were actively performing his duties." The section provides, however, that "in no event" shall a member receive such compensation after he has been granted a pension "or for a period longer than one (1) year." The section goes on to provide that "[i]n the event that the member is temporarily disabled and prevented by such temporary disability from returning to duty at the expiration of one (1) year, and said member has not been granted a pension prior to that time, he shall then receive temporary disability compensation at the rate provided in Division IV of the Labor Code of the State of California."

Radesky argues on this appeal that under the terms of section 4.177 he is entitled to an aggregate of one year's temporary disability compensation at the rate provided in section 4.177, subsection (a), without limitation as to the time within which the City is obligated to make such payments. As Radesky points out, during the first five years after the date he sustained the injury he applied for and received temporary disability benefits pursuant to section 4.177 for periods of time totaling approximately 71 days.

Radesky contends that he is entitled to compensation for further periods of temporary disability occurring in 1971 and 1972 which resulted from his original injury. The City contends that Radesky's right to compensation for periods of disability occurring in 1971 and 1972 is barred by Labor Code section 4656 which provides: "Aggregate disability payments for a single injury causing temporary disability shall not extend for more than 240 compensable weeks within a period of five years from the date of the injury." As the City points out, subsection (d) of section 4.177 provides: "The employing department shall make the initial determination as to proximate cause of injury or illness; *workmen's compensation benefits shall be administered in accordance with the provisions of Division IV of the Labor Code* by the General Manager of the Personnel Department; any dispute concerning the proximate cause of injury or illness shall be resolved in accordance with the advice of the City Attorney. *The benefits of this section shall be administered in accordance with decisions of the Workmen's Compensation Appeals Board.*" (Italics added.) And subsection (e) provides that the reverse side of all checks drawn in payment of the compensation provided for in section 4.177 shall bear the following notation: "Paid and received pursuant to the provisions of Section 4.177 of the Los Angeles Administrative Code, not as a salary or wages for services

rendered, but as a disability indemnity payment pursuant to the obligation of the City of Los Angeles under Division IV of the Labor Code of the State of California." Thus, the City argues the intent of the framers of section 4.177 is clearly that the benefits provided in that section are to be administered pursuant to division IV of the Labor Code, the State Workmen's Compensation Insurance and Safety Act of which Labor Code section 4656 is a part.

In reply Radesky asserts: "Subsection (d) of Section 4.177 of the Code, refers only to administration of workmen's compensation benefits providing that Respondents will administer disability benefits in accordance with the provisions of Division 4 of the Labor Code and in accordance with decisions of the Workmen's Compensation Appeals Board. Subsection (d) then would appear to apply only to the administration of said benefits and clearly does not attempt to limit the scope of the benefits themselves to the statutory limitations of the Labor Code. The Respondents thus seek to inject the statute of limitations into the City Ordinance which is not in any objective reading, a part of the Ordinance itself."

Our concern in interpreting section 4.177 of the Los Angeles Administrative Code is to ascertain the intention of the framers of that section. (*Scala* v. *Jerry Witt & Sons, Inc.,* 3 Cal.3d 359, 366 [90 Cal.Rptr. 592, 475 P.2d 864]; *People* v. *Superior Court,* 70 Cal.2d 123, 132 [74 Cal.Rptr. 294, 449 P.2d 230]; *Select Base Materials* v. *Board of Equal.,* 51 Cal.2d 640, 645 [335 P.2d 672].) ▮ It seems clear from a reading of section 4.177 that the framers had primarily in mind the discharge of the City's obligations under division IV of the Labor Code to members of its fire and police departments either temporarily or permanently disabled by reason of illness or injury proximately caused by, arising out of and in the course and scope of such member's employment. Thus in subsection (a), wherein provision is made for compensation for temporary disability which a member is to receive under the terms of section 4.177, it is denominated "temporary disability compensation (Division IV of the Labor Code of the State of California)." And in subsection (e) it is specifically provided that checks drawn in payment of the compensation provided for in section 4.177 are to bear a legend providing in effect that the check was paid and received in discharge of the City's obligation under division IV of the Labor Code. It is also clear that the City intended to compensate members of its fire and police departments for temporary or permanent disability in an amount greater than that which would be afforded as temporary or permanent disability under division IV of the Labor Code, but not after such member has received a pension nor "for a period longer than one (1) year." It appears that the City expected the provisions for temporary disability compensation in section 4.177 to dovetail into the provisions for

temporary disability compensation in division IV of the Labor Code. Thus it is provided in subsection (a) of section 4.177 that "[i]n the event that the member [of the fire or police department] is temporarily disabled and prevented by such temporary disability from returning to duty at the expiration of one (1) year, and said member has not been granted a pension prior to that time, he shall then receive temporary disability compensation at the rate provided in Division IV of the Labor Code of the State of California."

If the benefits provided in section 4.177 are limited by the provisions of division IV of the Labor Code, it is clear that Radesky would not be entitled to the compensation he seeks by way of writ of mandate in this case. Labor Code section 4850 provides disability compensation, similar to that provided in section 4.177 of the Los Angeles Administrative Code, for city policemen and firemen who are members of the Public Employees' Retirement System.[2]

In *Eason* v. *City of Riverside,* 233 Cal.App.2d 190 [43 Cal.Rptr. 408], the court considered the question whether the phrase "not exceeding one year" as it is used in Labor Code section 4850 means "a cumulative total of 52 weeks" or "one calendar year from the date of injury." In deciding that the phrase meant a cumulative total of 52 weeks the court stated (233 Cal.App.2d at p. 193): "Respondent argues that if the language 'not exceeding one year' in section 4850 is held to mean 52 cumulative weeks it would leave open indefinitely the employee's right to claim leave of absence in lieu of temporary disability payments. The Legislature, apparently in contemplation of a situation of this sort, has provided, in Labor Code section 4656, that: 'Aggregate disability payments for a single injury causing temporary disability shall not extend for more than 240 compensable weeks within a period of five years from the date of the injury.' "

While it is true, as Radesky points out in his brief, that under section 4.177 the City has enlarged the monetary amounts available as temporary

---

[2]Labor Code section 4850 provides in pertinent part: "Whenever any city policeman, city fireman, county fireman, fireman of any fire district, sheriff or any officer or employee of a sheriff's office, or any inspector, investigator, detective or personnel with comparable title in any district attorney's office, who is a member of the Public Employees' Retirement System or subject to the County Employees Retirement Law of 1937 (Ch. 3 (commencing with Section 31450), Pt. 3, Div. 4, Title 3, Gov.C.) is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his duties, he shall become entitled, regardless of his period of service with the city or county, to leave of absence while so disabled without loss of salary, in lieu of temporary disability payments, if any, which would be payable under this chapter, for the period of such disability but not exceeding one year, or until such earlier date as he is retired on permanent disability pension."

disability compensation to members of its police and fire departments,[3] the question remains whether the City also intended to extend the time within which it was obligated to pay such compensation beyond the time limits specified in section 4656 of the Labor Code.

Subsection (d) of section 4.177 provides that "workmen's compensation benefits shall be administered in accordance with the provisions of Division IV of the Labor Code" and that "[t]he benefits of this section shall be administered in accordance with the decisions of the Workmen's Compensation Appeals Board." The Workmen's Compensation Appeals Board has no power to award temporary disability benefits for a time extending beyond the limits of Labor Code section 4656. (*National E. Corp.* v. *Industrial Acc. Com.*, 193 Cal. 422, 426 [225 P. 2]; *Liberty Mut. Ins. Co.* v. *Ind. Acc. Com.*, 231 Cal.App.2d 501, 505 [42 Cal.Rptr. 58]; *Cowan* v. *Industrial Accident Commission*, 22 Cal. Comp. Cases 84.)

▌The 240-week and 5-year limitation periods are important to the scheme of the workmen's compensation law. Besides the provisions of Labor Code section 4656, we note that Labor Code section 5406 provides that no proceeding for death benefits "may be commenced more than one year after the date of death, *nor more than 240 weeks from the date of injury.*" In Labor Code section 5410 the right to institute proceedings for the collection of compensation upon the ground that the original injury has caused new and further disability is limited to a period "within five years after the date of the injury." And in Labor Code section 5804 it is provided, in pertinent part, that "[n]o award of compensation shall be rescinded, altered, or amended after five years from the date of the injury except upon a petition by a party in interest filed within such five years and any counter-petition seeking other relief filed by the adverse party within 30 days of the original petition raising issues in addition to those raised by such original petition." One of the most obvious reasons for the five-year limitation contained in the Labor Code sections to which reference has been made is the increased difficulties of proof with respect to the issue of the cause of disability as the years increase after the original injury. As was said in 2 Hanna, California Law of Employee Injuries and Workmen's Compensation (2d ed. 1973) section 18.02[1], page 18-9, with respect to the statute of limitations: "'Its purpose in workmen's compensation cases is to cause an early submission of controversies while it is possible to obtain

---

[3]Labor Code section 3750 provides as follows: "Nothing in this division shall affect: . . . (d) The right to provide by mutual or other insurance, or by arrangement with his employees, or otherwise, for the payment to such employees, . . . of sick, accident, or death benefits, in addition to the compensation provided for by this division. . . ."

competent evidence concerning the alleged injury and its effects, and thus to afford protection against false claims or those based upon remote and unsatisfactory speculation as to the cause of a disability manifesting itself long after the accident. [Fn. omitted.]"

We note that subsection (a) of section 4.177 of the Los Angeles Administrative Code provides compensation for "[a]ny member of the Fire Department or Police Department who is temporarily disabled by reason of illness or injury *proximately caused by,* arising out of, and in the course and scope of *his employment.*" (Italics added.) The problem of proof of causation with respect to periods of temporary disability under this section would be greatly increased if we were to adopt the interpretation of section 4.177 suggested by Radesky.

■ In light of the City's intention expressed in section 4.177 to discharge its obligation under division IV of the Labor Code to compensate members of its fire and police departments for temporary and permanent disability and its intention that the workmen's compensation benefits of section 4.177 be administered in accordance with division IV of the Labor Code and with decisions of the Workmen's Compensation Appeals Board, we hold that the temporary disability benefits for which provision is made in section 4.177 of the Los Angeles Administrative Code are subject to the five-year limitation expressed in Labor Code section 4656. The trial court properly sustained the City's demurrer to Radesky's amended petition for writ of mandate without leave to amend.

The order of dismissal is affirmed.