[Civ. No. 34585. First Dist., Div. Four. Jan. 6, 1975.]

CHARLES MARTINEZ, Plaintiff and Appellant, v.
CONTRA COSTA COUNTY FIRE PROTECTION DISTRICT et al.,
Defendants and Respondents.

**COUNSEL**

Maurice S. Marcus and Bertram Cohen for Plaintiff and Appellant.

John B. Clausen, County Counsel, and E. V. Lane, Jr., Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**EMERSON, J.***—The respondents in this appeal are the Contra Costa County Fire Protection District (hereinafter District) and the Contra Costa County Retirement Board (hereinafter Retirement Board). The question presented is: May a disabled employee who is receiving salary payments pursuant to Labor Code section 4850[1] be involuntarily retired prior to the expiration of a one-year leave of absence?

Appellant Charles Martinez was employed as a firefighter by respondent District in October 1961. On August 24, 1972, he suffered a back injury which arose out of and occurred within the course of his employment.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[1]All references to section 4850 are to that section of the Labor Code.

▬▬▬▬▬

While on disability leave appellant was paid his full salary in accordance with the provisions of Labor Code section 4850. On April 2, 1973, respondent District submitted to the Contra Costa County Employees' Retirement Association an application on behalf of appellant for a service connected disability retirement, pursuant to Government Code section 31721. Appellant had not requested and did not want this retirement, and sent letters to the retirement association in protest. The Retirement Board granted the above-mentioned application at its meeting on May 16, 1973; appellant did not appear at the meeting. Appellant was separated from his employment by respondent District on May 22, 1973, effective April 30, 1973, on the basis of the Retirement Board's action. The salary payments paid to appellant pursuant to the provisions of section 4850 were terminated on April 30, 1973, and his disability retirement became effective on May 1, 1973. Appellant subsequently petitioned the Contra Costa County Superior Court for writs of mandate to annul the disability retirement and to reinstate his section 4850 benefits. The court concluded that respondents had proceeded lawfully; that Labor Code section 4850 does not guarantee one year's leave of absence; that Government Code section 31724 does not preclude an employee from being retired prior to the expiration of his benefits under Labor Code section 4850; and that appellant's retirement terminated his rights to benefits granted under section 4850. From the judgment denying his petition for a writ of mandate, Martinez has appealed.

Section 4850 Labor Code reads as follows: "Whenever any city policeman, city fireman, county fireman, fireman of any fire district, sheriff or any officer or employee of a sheriff's office, or any inspector, investigator, detective or personnel with comparable title in any district attorney's office, who is a member of the Public Employees' Retirement System or subject to the County Employees Retirement Law of 1937 (Ch. 3 (commencing with Section 31450), Pt. 3, Div. 4, Title 3, Gov.C.) is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his duties, he shall become entitled, regardless of his period of service with the city or county, to leave of absence while so disabled without loss of salary, in lieu of temporary disability payments, if any, which would be payable under this chapter, for the period of such disability but not exceeding one year, or until such earlier date as he is retired on permanent disability pension. This section shall apply only to city policemen, sheriffs or any officer or employee of a sheriff's office, and any inspector, investigator, detective or personnel with comparable title in any district attorney's office, who are members

of the Public Employees' Retirement System or subject to the County Employees Retirement Law of 1937....."

■ In essence, appellant argues that a firefighter who is injured in the course of his duty is entitled to an automatic one year's leave of absence with full salary under section 4850 before his retirement can become effective. The language of section 4850 clearly recognizes, however, that a disability retirement may occur before the lapse of one year from the date of the employee's disability; it states that the employee ". . . shall become entitled . . . to leave of absence while so disabled without loss of salary . . . for the period of such disability but not exceeding one year, *or until such earlier date as he is retired on permanent disability pension.*" (Italics added.) The statute thus fixes the maximum period for which full salary may be received at "one year." This clause however is followed ". . . by the conjunction 'or,' which Webster defines as 'a coordinating particle that marks an alternative'. Standing alone the phrase 'until such earlier date as he is retired on permanent disability pension' is an incomplete statement, but as an alternative joined to the preceding clause by the conjunction 'or' it becomes a complete thought." (*Eason* v. *City of Riverside* (1965) 233 Cal.App.2d 190, 193-194 [43 Cal.Rptr. 408].) In the *Eason* case, a police officer was injured while acting within the scope of his employment and was retired on permanent disability pension at the behest of the chief of police before the completion of a year's leave of absence under section 4850. The court concluded that ". . . when appellant was retired at an 'earlier date' his right to leave of absence with full pay terminated." (*Eason* v. *City of Riverside, supra,* at p. 194.) Court also stated that: ". . . we are mindful of the admonition to liberally construe the provisions of the Labor Code for the protection of persons injured in the course of their employment. Yet to hold the word 'or' joins independent provisions of section 4850, and not alternative provisions, goes beyond a liberal construction; it would pervert the plain language of the statute." (*Eason* v. *City of Riverside, supra,* at p. 194.)

This court has in mind the fact that in *Eason* the appellate court did not consider the question whether its appellant's retirement was "forced;" that is, whether it was against his wishes or contrary to law. That point, however, would not now be material in a situation such as *Eason,* where the retired employee was a member of the Public Employees' Retirement System. Since 1970 section 21023.5 Government Code has provided: "Notwithstanding any other provision of law, an employer may not separate because of disability a member otherwise

eligible to retire for disability but shall apply for disability retirement of any member believed to be disabled, unless the member waives the right to retire for disability and elects to withdraw contributions or to permit contributions to remain in the fund with rights to service retirement as provided in Section 20393."

This provision was noted by the Supreme Court in *Boyd* v. *City of Santa Ana* (1971) 6 Cal.3d 393, 398 [99 Cal.Rptr. 38, 491 P.2d 830], where in a somewhat similar situation the court observed that the city as well as Boyd could have applied for the disability retirement and was, indeed, required to do so. The appellant here was not a member of the Public Employees' Retirement System, to which Government Code section 21023.5 applies. That fact, however, does not change the basic ground of the *Eason* holding, or the plain meaning of section 4850.

The *Boyd* case, relied on by appellant, is not otherwise in point. In that case the disabled employee was not retired; his employment was terminated, a procedure which the court held to be improper.

The foregoing authorities lead to the conclusion that the retirement of appellant and the termination of his section 4850 benefits should be upheld.

Other points raised by appellant appear to be argumentative, and do not relate to or affect our decision.

The judgment is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.