Filed 3/6/18

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SAN DIEGO, | D072648 |
| Petitioner, | |
| v. | (WCAB No. ADJ7811907) |
| WORKERS' COMPENSATION APPEALS BOARD and KYLE PIKE, | |
| Respondents. | |

Petition for writ of review from an order of the Workers' Compensation Appeals Board. Order annulled and remanded with directions.

Thomas E. Montgomery, County Counsel, and David E. Shamsky, Deputy County Counsel, for Petitioner.

Law Offices of Allweiss & McMurtry and Michael A. Marks for California Workers' Compensation Institute as Amicus Curiae on behalf of Petitioner.

Peter J. Ray for Respondent Workers' Compensation Appeals Board.

Law Office of Matthew D. Hill and Matthew D. Hill for Respondent Kyle Pike.

Smith & Baltaxe, Bernhard D. Baltaxe and Justin C. Sonnicksen for California Applicants' Attorneys Association as Amicus Curiae on behalf of Respondents.

# I.

## INTRODUCTION

The question presented in this writ proceeding is straightforward. Is petitioner, County of San Diego (the County), correct that Labor Code section 4656, subdivision (c)(2)[1] precludes respondent, Workers' Compensation Appeals Board (the Board), from awarding respondent, Kyle Pike, temporary disability payments for periods of disability occurring more than five years after the date of the underlying injury that Pike suffered while working for the County? We conclude that the plain language of the statute indicates that the answer to this question is, "Yes." Section 4656, subdivision (c)(2) provides, "Aggregate disability payments for a single injury occurring on or after January 1, 2008,[2] causing temporary disability shall not extend for more than 104 compensable weeks *within a period of five years from the date of injury*." (Italics added.) Accordingly, we annul a Board order affirming a workers' compensation administrative law judge's order that awarded temporary disability benefits for periods of disability occurring more than five years after Pike's injury.

---

1 All subsequent statutory references are to the Labor Code, unless otherwise specified.

2 It is undisputed that Pike's injury occurred after January 1, 2008.

II.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Pike's injury and the Board's permanent disability award*

While employed by the County as a deputy sheriff, Pike suffered an injury to his right shoulder on July 31, 2010. Pursuant to a stipulation between Pike and the County, the Board granted Pike a 12 percent permanent disability award in May 2011.

B. *Pike's petition to reopen and request for section 4850[3] and temporary disability benefits*

Pike filed a petition to reopen the matter on May 26, 2015. In his petition, Pike contended that his shoulder injury had worsened. He sought salary continuation benefits pursuant to section 4850 and temporary total disability benefits (§ 4653). The County paid Pike all of the section 4850 and temporary total disability benefits due to him through the period ending five years from the date of the July 31, 2010 injury, i.e., July 31, 2015.

Pike sought additional section 4850 and temporary total disability benefits for periods of disability occurring after July 31, 2015. Specifically, Pike sought section 4850 benefits for the period September 15, 2015 through March 28, 2016 and temporary disability benefits for the period March 29, 2016 through August 18, 2016.

---

[3] As discussed in greater detail in part III, *post*, section 4850 provides for salary continuation benefits for certain employees, including "[s]heriffs" and "[o]fficers or employees of any sheriff's offices," suffering an injury or illness arising out of the employee's duties. Section 4850 benefits are subject to the limitations on temporary disability payments contained in section 4656. (See fn. 10, *post*.)

The County contended that section 4656, subdivision (c)(2) limited Pike's entitlement to section 4850 benefits and temporary disability benefits to periods of disability occurring within five years from the date of the July 31, 2010 injury, i.e., July 31, 2015.

C. *The workers' compensation judge's ruling*

The parties submitted the matter on the administrative record to a workers' compensation judge (WCJ). The WCJ issued an order determining that Pike was entitled to section 4850 and temporary disability benefits for periods of disability occurring more than five years after the date of the injury. The WCJ concluded in relevant part:

> "Where [an] applicant has filed a timely petition to reopen, and
> temporary total disability has commenced prior to five years from
> the date of the industrial injury, the [Board] has continuing
> jurisdiction to award temporary total disability benefits beyond
> five years from the date."

The WCJ awarded Pike section 4850 benefits for the period September 15, 2015 through March 28, 2016 and temporary disability benefits for the period March 29, 2016 through August 18, 2016.

D. *The County's petition for reconsideration*

The County filed a petition for reconsideration. After the WCJ issued a report recommending denial of the petition, a panel of the Board affirmed the WCJ's decision and denied the County's petition. In a split decision, a majority of the Board panel concluded that the WCJ was "authorized to award temporary disability indemnity within the five year period, to continue until the 104 week limitation is exhausted or

4

[Pike's] period of temporary disability ends. . . ." The dissenting panel member concluded that section 4656, subdivision (c)(2) "is not susceptible of an interpretation that permits an award of temporary disability more than five years after July 31, 2010, the date of [Pike's] injury."

E. *The County's petition for review*

The County filed a petition for review in this court requesting that we annul the Board's order denying the County's petition for reconsideration.[4] After Pike filed an answer and the County filed a reply, we issued a writ of review in order to review the Board's decision.[5]

III.

DISCUSSION

*The Board erred in concluding that it may award Pike section 4850
and temporary total disability payments for periods of disability
occurring more than five years after Pike's injury*

The County claims that section 4656, subdivision (c)(2) prohibits the Board from awarding Pike any section 4850 or temporary disability benefits for periods of disability occurring more than five years after his June 31, 2010 injury.

---

[4] The County's petition for review is authorized pursuant to section 5950.

[5] While this writ proceeding was pending, we granted the California Workers' Compensation Institute's application to file an amicus brief on behalf of the County. We also granted an application to file an amicus brief on behalf of the Board and Pike filed by the California Applicants' Attorneys Association (CAAA). We have considered these amicus briefs, as well as the County's answer brief to the CAAA's amicus brief.

A.  *Standard of review*

The County's claim turns on whether the Board properly interpreted section 4656, subdivision (c)(2).  In *Larkin v. Workers' Comp. Appeals Bd.* (2015) 62 Cal.4th 152 (*Larkin*), the Supreme Court summarized the applicable statute of standard of review in considering such claims:

> "While we assign considerable importance to the agency's views, we also retain ultimate responsibility for interpreting the relevant statute.  [Citation.]  If the agency's interpretation is clearly erroneous or unauthorized under the statute, we will not give effect to its understanding of the statute.  [Citations.]  But where the Board's conclusion is not plainly at odds with the statutory scheme, we assign great weight to it."  (*Id.* at p. 158.)

B.  *Governing law*

1.  *Principles of statutory interpretation*

In *Baker v. Workers' Comp. Appeals Bd.* (2017) 13 Cal.App.5th 1040, 1046, the Court of Appeal summarized the well-established law governing the interpretation of statutes:

> "We are guided by well-established rules of statutory construction.  Our primary goal in construing a statute is to ascertain and effectuate the Legislature's intent.  [Citation.] ' " ' " 'Because statutory language "generally provide[s] the most reliable indicator" of that intent [citations], we turn to the words themselves, giving them their "usual and ordinary meanings" and construing them in context [citation].' [Citation.]  If the language contains no ambiguity, we presume the Legislature meant what it said, and the plain meaning of the statute governs." ' " ' [Citation.]  If a statute is amenable to different interpretations, the interpretation that leads to the more reasonable result should be followed.  [Citation.]  We must construe the words of a statute in context, and harmonize the various parts of an enactment by considering the provision at issue in the context of the statutory framework as a whole."

6

"In addition, when construing a provision from the Workers' Compensation Act [citation], if the statute can reasonably be construed in a manner that would provide coverage or payments we must adopt that construction." (*Ibid*; see § 3202.)[6]

2.  *Section 4656*

Section 4656 provides different limitations on the payment of temporary disability benefits contingent upon the worker's date of injury. Section 4656, subdivision (a) governs injuries occurring prior to January 1, 1979, and provides:

> "Aggregate disability payments for a single injury occurring prior to January 1, 1979, causing temporary disability shall not extend for more than 240 compensable weeks within a period of five years from the date of the injury."

Section 4656, subdivision (b) governs injuries occurring on or after January 1, 1979, and prior to April 19, 2004, and provides:

> "Aggregate disability payments for a single injury occurring on or after January 1, 1979, and prior to April 19, 2004, causing temporary partial disability shall not extend for more than 240 compensable weeks within a period of five years from the date of the injury."

Section 4656, subdivision (c)(1) governs injuries occurring on or after April 19, 2004, and provides:

> "Aggregate disability payments for a single injury occurring on or after April 19, 2004, causing temporary disability shall not extend for more than 104 compensable weeks within a period of two

---

[6]    Section 3202 provides that the Workers' Compensation statutes "shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment."

years from the date of commencement of temporary disability payment."

Section 4656, subdivision (c)(2), the provision at issue in this case, governs injuries occurring on or after January 1, 2008, and provides:

> "Aggregate disability payments for a single injury occurring on or after January 1, 2008, causing temporary disability shall not extend for more than 104 compensable weeks *within a period of five years from the date of injury*." (Italics added.)[7]

C. *Application*

> 1. *The text of section 4656, subdivision (c)(2) clearly states that, for injuries occurring on or after January 1, 2008, temporary disability benefits may not be awarded for periods of disability occurring more than five years from the date of a worker's injury*

The plain language of section 4656, subdivision (c)(2) supports the conclusion that the Board may not award temporary disability payments for any period of disability occurring beyond five years from the date of the worker's injury. The statute clearly states that, for an injury occurring on or after January 1, 2008, temporary disability benefits "shall not extend for more than 104 compensable weeks *within a period of five years from the date of injury*." (§ 4656, subd. (c)(2), italics added.) This text supports the conclusion that the Board is authorized to award a maximum of 104

---

[7] Although not applicable in this case, section 4656, subdivision (c)(3) provides:

> "Notwithstanding paragraphs (1) and (2), for an employee who suffers from the following injuries or conditions, aggregate disability payments for a single injury occurring on or after April 19, 2004, causing temporary disability shall not extend for more than 240 compensable weeks within a period of five years from the date of the injury: [list of specified injuries]."

8

weeks of temporary disability payments to a worker who suffers an injury on or after January 1, 2008, but also limits payments to periods of disability occurring within five years of the injury. Neither Pike, nor the amicus brief filed by the CAAA on his behalf, offers *any* interpretation of section 4656, subdivision (c)(2) that would permit the award of temporary disability benefits for an injury occurring on or after January 1, 2008 for a period occurring more than five years from the date of the injury.[8]

> 2. *The legislative history supports the conclusion that, for an injury occurring on or after January 1, 2008, the Legislature intended to limit temporary disability benefits to five years from the date of the injury*

The legislative history of section 4656, subdivision (c)(2) is entirely consistent with the statutory text in supporting the conclusion that the Legislature intended to limit temporary disability benefits to five years from the date of a worker's injury for injuries occurring on or after January 1, 2008. The Legislative Counsel's Digest of the bill that enacted section 4656, subdivision (c)(2) explains that the bill altered the period during which a worker could obtain temporary disability payments:

> "Existing workers' compensation law generally requires employers to secure the payment of workers' compensation, including medical treatment, for injuries incurred by their employees that arise out of, or in the course of, employment. Existing law prohibits aggregate disability payments for a single injury occurring on or after April 19, 2004, causing temporary disability from extending for more than 104 compensable weeks within a period of *2 years from the date of commencement of temporary disability payment*, except if an employee suffers from certain injuries or conditions.

---

[8]    In fact, neither Pike nor the CAAA provides *any* interpretation of the text of section 4656, subdivision (c)(2).

"This bill would, for a single injury occurring on or after January 1, 2008, increase to *5 years from the date of injury*, the period of time during which an employee can receive aggregate disability payments." (Legis. Counsel's Dig., Assem. Bill No. 338 (2007-2008 Reg. Sess.), italics added.)

The Assembly Floor Analysis also supports this conclusion. The analysis notes that under then existing law (i.e., current section 4656, subdivision (c)(1)), "an injured worker cannot receive temporary disability benefits for more than *two years after the date that temporary disability payments commenced*." (Assembly Floor Analysis of Assem. Bill No. 338 (2007–2008 Reg. Sess.) Sept. 6, 2007, italics added.) The analysis notes that the bill "[e]xtends the window during which an injured worker can receive [temporary disability] benefits from two years to *five years*" (italics added), and "[c]hanges the date that starting the window period running from the date [temporary disability] benefits are first paid *to the date of injury*." (*Ibid.*, italics added.)[9]

3. *Case law interpreting an analogous restriction in former section 4656 supports the conclusion that temporary disability benefits may not be awarded under section 4656, subdivision (c)(2) for periods of disability occurring more than five years from the date of a worker's injury*

There is no appellate authority construing section 4656, subdivision (c)(2). However, there is authority construing a nearly identically worded five-year restriction in former section 4656 as precluding an award of benefits more than five years from

---

[9]     Thus, the CAAA's suggestion that the Legislature, in enacting section 4656, subdivision (c)(2) in 2007, "intended to . . . only change the number of compensable weeks payable," is contrary to both the plain language of the statute and the legislative history discussed in the text.

10

the date of a worker's injury. (See *Radesky v. City of Los Angeles* (1974) 37

Cal.App.3d 537, 542 (*Radesky*).) In *Radesky*, the Court of Appeal considered whether

the five-year limitation contained in former section 4656 applied to a municipal

worker's claim for benefits under a provision of the municipal code that incorporated

portions of state law. (*Radesky*, *supra*, at pp. 540–541 ["The question presented on

this appeal is whether the limitation periods contained in division IV of the Labor

Code [i.e., former section 4656] are applicable to claims for temporary disability

compensation made pursuant to section 4.177 of the Los Angeles Administrative

Code"].) The five-year limitation at issue in *Radesky* (former section 4656) is

materially identical to the limitation in section 4656, subdivision (c)(2). Former

section 4656 provided, " 'Aggregate disability payments for a single injury causing

temporary disability shall not extend for more than 240 compensable weeks *within a*

*period of five years from the date of the injury."* (*Radesky*, at p. 542, italics added.)

The *Radesky* court stated that, if former section 4656 applied, it was "clear" that

the worker was not entitled to temporary disability for periods beyond five years from

the date of the worker's injury. (*Radesky*, *supra*, 37 Cal.App.3d at p. 544 ["If the

benefits provided in section 4.177 [of the Municipal Code] are limited by the

provisions of division IV of the Labor Code [i.e., former section 4656], it is clear that

[the worker] would not be entitled to the compensation he seeks by way of writ of

mandate in this case [i.e., benefits for a period beyond 5 years after the date of

injury]".) The *Radesky* court ultimately concluded that the worker's claim *was* subject

to the five-year limitation in former section 4656. (*Radesky*, *supra*, at p. 546.)

Accordingly, the *Radesky* court further concluded that the worker's claim for benefits for a period occurring more than five years after the worker's injury was statutorily barred. (*Ibid.*)[10]

The *Radesky* court's conclusion that former section 4656 barred an award of temporary disability benefits for periods of temporary disability more than five years after a worker's injury strongly supports the conclusion that a nearly identically worded limitation in section 4656, subdivision (c)(2) bars Pike's claim for such benefits in this case.

4. *Neither Pike's nor the CAAA's arguments are persuasive*

None of the arguments presented by Pike or the CAAA in support of Pike's claim for benefits is persuasive. As discussed above (see pt. III.C.3, *ante*), neither Pike nor the CAAA makes any argument that the text of section 4656, subdivision (c)(2) may be interpreted as permitting the Board to award such benefits. Instead, Pike and the CAAA contend that the Board had *jurisdiction* under sections 5410, 5803, 5804 to award such benefits. This argument fails because, for the reasons discussed

---

10     It is settled that section 4850 benefits are "aggregate disability payments," subject to the 104-week limitation contained in section 4656, subdivision (c)(2). (*County of Alameda v. Workers' Comp. Appeals Bd.* (2013) 213 Cal.App.4th 278, 286 ["Given the Legislature's choice of the words '[a]ggregate disability payments,' we think it is clear that section 4850 benefits paid for an injury causing temporary disability must count toward the 104-week limit absent a specific exclusion"].) We see no reason, and Pike offers none, for why section 4850 benefits would not also constitute "[a]ggregate disability payments," subject to the five-year limitation contained in section 4656, subdivision (c)(2). (See *Eason v. City of Riverside* (1965) 233 Cal.App.2d 190, 193 [stating that former section 4850 benefits are subject to the five-year postinjury limitation period in former section 4656].)

below, even assuming that the Board had *jurisdiction* to act on Pike's petition to reopen, the *substantive law* governing his petition does not permit the Board to award Pike benefits for periods of disability occurring more than five years after his injury.[11] Specifically, the Board does not have the authority to award benefits that are expressly prohibited by section 4656, subdivision (c)(2). (See *Radesky*, *supra*, 37 Cal.App.3d at p. 545 ["The Workmen's Compensation Appeals Board has no power to award temporary disability benefits for a time extending beyond the limits of [former] section 4656"].) Further, there is nothing in the jurisdictional provisions of sections 5410, 5803, 5804, nor any authority that supports Pike and the CAAA's suggestion that a timely filed petition to reopen trumps the substantive limitations in section 4656.

Section 5410 provides in relevant part:

> "Nothing in this chapter shall bar the right of any injured worker to institute proceedings for the collection of compensation within five years after the date of the injury upon the ground that the original injury has caused new and further disability. The jurisdiction of the appeals board in these cases shall be a continuing jurisdiction within this period."[12]

---

[11] *Jurisdiction* refers to the power of a tribunal to "hear and determine a matter" (*Adoption of Matthew B.* (1991) 232 Cal.App.3d 1239, 1268), while *substantive law* is the set of rules that " 'gives or declares' " a legal right. (*Shisler v. Sanfer Sports Cars, Inc.* (2008) 167 Cal.App.4th 1, 10.)

[12] Pike and the CAAA both cite section 5410. CAAA also cites section 5803 and section 5804. Section 5803 provides in relevant part:

> "The appeals board has continuing jurisdiction over all its orders, decisions, and awards made and entered under the provisions of this division . . . . At any time, upon notice and after an opportunity to be heard is given to the parties in interest, the appeals board may rescind, alter, or amend any order, decision, or award, good cause appearing therefor.

In *Sarabi v. Workers' Comp. Appeals Bd.* (2007) 151 Cal.App.4th 920, 925

(*Sarabi*), the Court of Appeal summarized the jurisdictional limitations contained in

sections 5410, 5803, and 5804 as follows:

> "Under . . . section 5410, an injured worker who has previously
> received workers' compensation benefits either voluntarily paid
> by the employer or pursuant to an award is entitled to claim
> benefits for 'new and further disability' within five years of the
> date of injury. Section 5803 permits the reopening of a
> previously adjudicated case for 'good cause' upon a petition filed
> by a party, also within five years from the date of injury. If a
> petition to reopen under either section is filed within the five-year
> period, the Board has jurisdiction to decide the matter beyond the
> five-year period. (§5804; [citations].)"

The *Sarabi* court concluded that the Board had *jurisdiction* under section 5410

to award a worker temporary total disability benefits for a period continuing beyond

five years after the worker's injury. (*Sarabi*, *supra*, at p. 151 Cal.App.4th at pp. 925–

---

> "This power includes the right to review, grant or regrant,
> diminish, increase, or terminate, within the limits prescribed by
> this division, any compensation awarded, upon the grounds that
> the disability of the person in whose favor the award was made
> has either recurred, increased, diminished, or terminated."

Section 5804 provides:

> "No award of compensation shall be rescinded, altered, or
> amended after five years from the date of the injury except upon a
> petition by a party in interest filed within such five years and any
> counterpetition seeking other relief filed by the adverse party
> within 30 days of the original petition raising issues in addition to
> those raised by such original petition. Provided, however, that
> after an award has been made finding that there was employment
> and the time to petition for a rehearing or reconsideration or
> review has expired or such petition if made has been determined,
> the appeals board upon a petition to reopen shall not have the
> power to find that there was no employment."

14

928.)  The *Sarabi* court reasoned that the worker had timely filed a petition to reopen within five years under sections 5410 and 5803 (*Sarabi*, at pp. 925–926) and had suffered a "new and further disability" within the meaning of section 5410 within the five-year period.  (*Sarabi*, at p. 926.)

However, and of critical importance to the present appeal, the *Sarabi* court was not presented with any question with respect to whether such benefits were precluded by the substantive limitations contained in section 4656.  Section 4656, subdivision (c)(2) did not apply because the date of worker's injury in *Sarabi* was August 28, 1999 (*Sarabi*, *supra*, 151 Cal.App.4th at p. 922; see § 4656, subd. (c)(2) [limitations applicable to injuries occurring "on or after January 1, 2008"]).  Further, because the worker in *Sarabi* sought *total* temporary disability benefits (*Sarabi*, at p. 922), the five-year postinjury limitation period contained in section 4656, subdivision (b) with respect to "*partial* disability" payments (§ 4656, subd. (b), italics added) for injuries occurring after January 1, 1979, and prior to April 19, 2004, also did not apply.  Thus, the *Sarabi* court had no occasion to discuss, and therefore did not cite, any provision of section 4656 in its opinion.

In addition, the Supreme Court has made clear that the *jurisdictional* limitations in sections 5410, 5803 and 5804 are separate and distinct from the *substantive* law limiting an award of temporary disability benefits in section 4656.  (*Nickelsberg v. Workers' Comp. Appeals Bd.* (1991) 54 Cal.3d 288 *(Nickelsberg)*.)  In *Nickelsberg*, the Supreme Court considered a 1978 "amendment [that] removed the 240-week limitation on aggregate temporary total disability within a 5-year postinjury period for

15

injuries occurring on or after January 1, 1979." (*Id.* at p. 292, italics removed.)[13] The worker in *Nickelsberg* argued that the amendment provided a workers' compensation judge with "jurisdiction to award further temporary total disability indemnity more than five years after the original injury" (*Nickelsberg*, *supra*, at p. 293, italics added), notwithstanding that the worker had not filed a petition to reopen within five years as required by sections 5410 and 5804. The *Nickelsberg* court rejected that argument, reasoning, "It may not be inferred, as Nickelsberg suggests, that the 1979 amendment, removing the 240-week limitation on aggregate temporary total disability payments within a 5-year postinjury period, in any manner modified the time or jurisdictional limitations of either section 5410 or section 5804." (*Nickelsberg*, at p. 298.)

The converse of *Nickelsberg* is also true. Even assuming that the Board had *jurisdiction* under section 5410 to rule on Pike's petition to reopen, the Board had no power to award benefits in direct contravention of the express substantive limitation on the award of temporary disability benefits contained in section 4656, subdivision

---

[13]    The 1978 amendment resulted in text currently codified in section 4656, subdivision (b). (See *Nickelsberg*, *supra*, 54 Cal.3d at pp. 292–293 [quoting text of amendment].) Section 4656 subdivision (a), which governs injuries occurring *before* January 1, 1979, restricts the payment of temporary total disability benefits to a "5-year postinjury period." (*Nickelsberg*, *supra*, at p. 294.) We are aware of no authority, and the parties have cited none, that has concluded that, for injuries governed by section 4656, subdivision (a), the Board may award temporary disability benefits for a period more than five years after a worker's injury notwithstanding the five-year limitation contained in section 4656, subdivision (a).

(c)(2).  In short, in order to award benefits, the Board must have jurisdiction to act, *and* the law must entitle the worker to benefits.[14]

Both Pike and the CAAA also rely on the liberal construction mandate of section 3202.  While we are "mindful" (*Larkin*, *supra*, 62 Cal.4th at p. 167), of section 3202, this principle of interpretation cannot "justify an otherwise erroneous construction" of section 4656.  (*Larkin*, *supra*, at p. 167.)  That is because, "the rule of liberal construction stated in section 3202 should not be used to defeat the overall statutory framework and fundamental rules of statutory construction."  (*Nickelsberg*, *supra*, 54 Cal.3d at p. 298.)

Accordingly, we conclude that section 3202 does not provide a basis for awarding Pike temporary disability benefits for a period of disability more than five years after the date of his injury.

    5.   *The Board's conclusion that it may award Pike temporary disability benefits for a period more than five years after his injury is clearly erroneous*

As noted previously (see pt. III.C.1), we ordinarily defer to the Board's interpretation of a Workers' Compensation statute unless the "agency's interpretation is clearly erroneous or unauthorized under the statute."  (*Larkin*, *supra*, 62 Cal.4th at p.

---

14    Similarly, even assuming that the Board had jurisdiction to rule on Pike's petition, the Board could not legally award Pike benefits for more than 104 compensable weeks.  (See § 4656, subd. (c) ["Aggregate disability payments for a single injury occurring on or after January 1, 2008, causing temporary disability shall not extend for more than 104 compensable weeks within a period of five years from the date of injury"].)  As the CAAA acknowledges, "It is accepted as a starting point that the Board has no power to award [t]emporary [d]isability [benefits] beyond the limits of . . . [s]ection 4656."

158.)[15]  In this case, the Board affirmed the WCJ's reasoning that section 4656,

subdivision (c)(2) does not preclude an award of temporary disability benefits for a

period of disability beyond five years from the date of Pike's injury.  The Board

summarized the WCJ's interpretation of section 4656, subdivision (c)(2) as follows:

> "The WCJ concluded his exercise of jurisdiction was appropriate
> to award temporary disability benefits for a period of temporary
> disability that commenced within five years of the date of
> applicant's injury.  Where such benefits are initiated within five
> years of the date of injury and do not exceed the 104[-]week
> limitation on receipt of such benefits, the WCJ held that applicant
> is entitled to receive the full amount of benefits notwithstanding
> the language that such benefits must be paid 'within a period of
> five years from the date of injury.'  [(§ 4656, subd. (c)(3).)]
> *Because the statutory language does not provide that no
> temporary disability benefits may be paid more than five years
> from the date of injury*, the WCJ concluded that the legislature did
> not intend to prohibit otherwise temporarily disabled injured
> workers from receiving the full 104 weeks of benefits where such
> temporary disability occurs within five years from the date of
> injury."  (Italics added.)

The WCJ's reasoning in support of the italicized language in the quotation

above is as follows:

> "[T]he WCJ finds that the statutory language of Labor Code
> section 4656(c)(2) intends to discuss only those benefits that are
> due and payable within five years from the date of injury.  The
> statute is silent as to what shall occur once the five years have

---

15    In its order, the Board noted, "The WCJ's interpretation of the application of
section 4656[, subdivision ](c)(2) for dates of injury after January 1, 2008 has been
embraced by some panel decisions,[ ] while others have followed the argument
proffered by [the County] and the dissenting opinion."

expired. Had the [L]egislature intended otherwise, they could have easily provided that no temporary disability benefits shall be payable more than five years subsequent to an industrial injury."

This interpretation of section 4656, subdivision (c)(2) is not tenable. As discussed above, section 4656, subdivision (c)(2) clearly and unambiguously provides that temporary disability benefits "shall not extend for more than 104 compensable weeks within a period of five years from the date of injury." (§ 4656, subd. (c)(2).) Thus, contrary to the Board's decision, the relevant statutory language *does* provide that all periods of temporary disability for which payments are made must occur within five years of date of the injury.

Moreover, if the WCJ were correct that section 4656, subdivision (c)(2) is "silent as to what shall occur once the five years have expired," the statute would not preclude an award of temporary disability payments extending past 104 compensable weeks as long as those compensable weeks occurred more than five years after the date of the injury. Yet, the WCJ concluded that "temporary disability which commences within five years from the industrial injury and continues beyond five years may be awarded, *provided that aggregate temporary disability does not exceed the 104[-]week limitation* of . . . section 4656[, subdivision ](c)(2)." (Italics added.) Such inconsistent reasoning further demonstrates the fallacy of the WCJ's interpretation.

19

Finally, both the Board and the WCJ relied on *Oakland Unified School District v. Workers' Comp. Appeals Bd.* (2009) 74 Cal.Comp.Cases 1399 (*Oakland Unified*) and *Unigard Insurance Co. v. Workers' Comp. Appeals Bd.* (1994) 59 Cal.Comp.Cases 966 (*Unigard*) in which panels of the Board affirmed temporary disability awards for periods of disability occurring more than five years after the worker's injury. (*Oakland Unified*, *supra*, at p. 1402; *Unigard*, *supra*, at p. 968.) However, *Oakland Unified* and *Unigard* are easily distinguishable because neither case involved section 4656, subdivision (c)(2). Rather, *Oakland Unified* and *Unigard* involved injuries governed by the "[1978] amendment [to section 4656 that] *removed* the old cap and provided for payment of temporary total disability to applicant . . . beyond five years from the date of his injury." (*Unigard*, at p. 967, italics added; *Oakland Unified*, at p. 1401 [noting that case involved "the 1978 amendment to [section] 4656, adding sub[division] (b) . . . [that] *eliminate[d]* the time limit on awards of total [temporary disability]" (italics added)].) In this case, in contrast, there is a five-year time limitation on temporary disability awards in the form of section 4656, subdivision (c)(2).

Accordingly, we decline to defer to the Board's conclusion that it may award Pike temporary disability benefits for periods of disability occurring more than five years after his injury.

IV.

DISPOSITION

The Board's order denying the County's petition for reconsideration is annulled. The matter is remanded to the Board with directions to grant the County's petition for reconsideration.


AARON, J.

WE CONCUR:

HUFFMAN, Acting P. J.

O'ROURKE, J.